**ORIGINAL**

VITALIY KAGANOVICH[1]
A71-243-964
San Diego Detention Center (CCA)
P.O. Box 439049
San Ysidro, CA 92143-9049

FILED
07 DEC 21 PM 3: 25
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VITALIY KAGANOVICH, [A71-243-964],<br><br>Petitioner,<br><br>v.<br><br>MICHAEL CHERTOFF, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, MICHAEL MUKASEY, ATTORNEY GENERAL, ROBIN F. BAKER, DIRECTOR OF SAN DIEGO FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, JOHN A. GARZON, OFFICER-IN-CHARGE,<br><br>Respondents. | Civil Action No. '07 CV 2403 JAH AJB<br><br>PETITION FOR WRIT OF HABEAS CORPUS<br><br>[28 U.S.C. § 2241] |

## I.
## INTRODUCTION

The petitioner, Vitaliy Kaganovich, respectfully petitions this Court for a writ of habeas corpus to remedy his unlawful detention.

---

[1] The petitioner is filing this petition for a writ of habeas corpus with the assistance of Janet Tung and the Federal Defenders of San Diego, Inc., who drafted the instant petition. That same counsel also assisted the petitioner in preparing and submitting his request for the appointment of counsel. Robin F. Baker is the director of the San Diego field office of U.S. Immigration and Customs Enforcement. He administers federal immigration laws on behalf of the Secretary of Homeland Security in the federal judicial district for the Southern District of California. In Mr. Baker's capacity as the director of the local office of U.S. Immigration and Customs Enforcement, he has immediate control and custody over the petitioner. John A. Garzon is the officer in charge of the detention facility holding the petitioner.

Petitioner is in the custody of the Secretary of the Department of Homeland Security and the Attorney General of the United States and their employees (hereinafter "respondents"). He is detained at the respondents' detention facility in San Diego, California, under the control of the officer in charge.

## II.

## JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. §§ 1331, 2241(c)(1) and (3), and U.S. Const. art. I., § 9, cl. 2, because the petitioner is being unlawfully detained as a result of U.S. Immigration and Customs Enforcement's misapplication of the provisions of 8 U.S.C. § 1231(a)(6). See Zadvydas v. Davis, 533 U.S. 678, 686-90 (2001). Moreover, his detention violates the Constitution, the laws, and the treaties of the United States. See Magana-Pizano v. INS, 200 F.3d 603, 610 (9th Cir. 2000); Goncalves v. Reno, 144 F.3d 110, 123 (1st Cir. 1998). Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471, 482-83 (1999), makes clear that the petitioner's habeas petition is not barred by 8 U.S.C. § 1252(g).

Venue is proper in this district because the petitioner is detained here. See 28 U.S.C. § 2241, et. seq., and 28 U.S.C. § 1391(e).

## III.

## BACKGROUND

Petitioner, a native of the Ukraine born in the former Soviet Union, entered the custody of Respondents over six months ago, on February 8, 2007, where he has remained since. He was ordered removed from the United States by an Immigration Judge on July 30, 2002; the Board of Immigration Appeals (BIA) affirmed the decision on January 15, 2004; and the Ninth Circuit denied his petition for review on December 12, 2006 and issued mandate on February 5, 2007, transferring jurisdiction back to the Respondents, over ten months ago. Petitioner cannot be removed to his country of origin or to an alternate country. He is being held in detention by Respondents based upon their misapplication of 8 U.S.C. § 1231(a)(6) to indefinitely detain non-removable aliens.

The petitioner was born in 1970 in Zhitomir, in what was then the U.S.S.R., which later became a part of the Ukraine. In 1994, he fled to the United States as a refugee. He subsequently became a legal permanent resident in 1995. Petitioner was ordered removed to the Ukraine by an immigration judge on July 30, 2002. Petitioner's order of removal became administratively final as of January 15, 2004, after

1  the BIA dismissed his appeal. See 8 C.F.R. § 1241.1; see also 8 C.F.R. § 1240.15 (appeals to the BIA must
2  be filed within 30 calendar days of the immigration judge's oral decision.). The Ninth Circuit's issuance
3  of mandate on February 5, 2007, after it denied Petitioner's appeal on December 12, 2006, terminated the
4  stay of removal that had been in effect during the pendency of his appeal. Petitioner's removal period
5  commenced at least as of February 5, 2007. See 8 U.S.C. § 1231(a)(1)(B)(ii) ("The removal period begins
6  on the latest of the following: . . . If the removal order is judicially reviewed and if a court orders a stay of
7  the removal of the alien, the date of the court's final order.").
8          On February 8, 2007, three days after the Ninth Circuit issued the mandate in his case,
9  Petitioner was taken into the custody of immigration officials. While in custody, Mr. Kaganovich filed a
10 motion to reopen the removal proceedings. At that time, the stay of removal he had previously obtained
11 from the Ninth Circuit was no longer in effect, and Mr. Kaganovich did not seek an administrative stay of
12 removal. Mr. Kaganovich's motion to reopen, which was denied on July 20, 2007, had no effect on the time
13 period for removal. 8 C.F.R. § 241.4(b)(1) ("An alien who has filed a motion to reopen immigration
14 proceedings for consideration of relief from removal . . . shall remain subject to the provisions of this section
15 [requiring a custody determination after 90 days, and HQPDU review after 180 days] unless the motion to
16 reopen is granted."). Mr. Kaganovich has been under a final order of removal since February 5, 2007, with
17 no stay of removal in place for the past ten months.
18          By the same token, the motion to reopen had no legal effect on the timing of Petitioner's 90-
19 day custody review. See 8 C.F.R. §§ 241.4(b)(1) & (c). However, instead of conducting a custody review
20 on May 9, 2007, 90 days after February 8, the U.S. Immigration and Customs Enforcement (ICE) waited
21 until October 29, 2007, to conduct a custody review. It issued an order to continue detention on that date.
22 See Appendix A, attached hereto. The order recommended detention on the sole grounds that "ICE . . . is
23 in position to effect your removal pending the issuance of a travel document. Continued requests are being
24 made to the Consulate of the Ukraine, as well as to ICE Headquarters in an effort to obtain a travel
25 document." Id. The order made no indication of any response or progress made in ICE's efforts to obtain
26 a travel document from the Ukrainian consulate, or any prediction of the time expected for a response. See
27 id. Neither is there any explanation of what additional internal barriers to obtaining travel documents that
28 Respondents face from "ICE Headquarters," or what measures, if any, were taken to overcome such barriers.

The order further stated that if Petitioner was not "released or removed from the United States by January 16, 2008, jurisdiction of the custody decision in your case will be transferred to the Headquarters Post Order Unit (HQPDU), 801 I St. NW, Washington, DC 20536. HQPDU will made a final determination regarding your custody." Id. To date, Petitioner has received no further communication regarding his custody status, and does not know whether HQPDU has made a determination of his status.

Over <u>ten months</u> have elapsed since Petitioner was under a final order of removal and subject to removal. At no time during these past ten months, or in the nearly four years since Petitioner's removal order was administratively final has the United States government received travel documents that would permit his repatriation to the Ukraine. See 8 U.S.C. § 1231(b)(2)(A), (D), (E)(iv)-(vi) (deportable alien must be removed first to country designated by him at deportation hearing, then to country of citizenship, then to listed countries, including the country of birth or that country having sovereignty over it at time of the alien's birth or at time of the deportation.). As the Ukrainian government has not issued travel documents in the ten months since Petitioner has been subject to a final order of removal, it is extremely unlikely that its government will issue travel documents to permit his removal there in the reasonably foreseeable future. Neither have Respondents obtained travel documents that would permit his removal to any other country. Thus, the United States has had ample opportunities to obtain travel documents, yet has failed to do so. There is therefore no indication that the petitioner can removed to the Ukraine, or any other country, in the reasonably foreseeable future.

## IV.

## ARGUMENT

### THIS COURT MUST RELEASE THE PETITIONER FROM THE CUSTODY OF THE RESPONDENTS UNDER APPROPRIATE CONDITIONS OF SUPERVISION.

Federal law requires the Attorney General to remove a deportable alien from the United States within a ninety-day period after an immigration judge's order of removal becomes administratively final. See 8 U.S.C. § 1231(a)(1); see also Ma v. Ashcroft, 257 F.3d 1095, 1104 (9th Cir. 2002). During the ninety-day removal period, the alien must be detained in custody. See 8 U.S.C. § 1231(a)(2).

If the Attorney General cannot remove the alien within the statutory removal period, the Attorney General can release the person in question under appropriate conditions of supervision, including

1  regular appearances before an immigration officer, travel restrictions, and medical or psychiatric
2  examinations, among other requirements. See Ma, 257 F.3d at 1104; see also 8 U.S.C. § 1231(a)(3) (listing
3  the conditions of supervision for deportable or removable aliens released from immigration custody at the
4  expiration of the ninety-day removal period). The Attorney General may detain a deportable or inadmissible
5  alien beyond the ninety-day removal period, however, when he determines that the person in question would
6  "be a risk to the community or unlikely to comply with the order of removal" if released from immigration
7  custody. 8 U.S.C. § 1231(a)(6).

8  In Zadvydas v. Davis, 533 U.S. 678, 689 (2001), the Supreme Court held that 8 U.S.C.
9  § 1231(a)(6) only authorizes a period of detention that is reasonably necessary to bring about an alien's
10 removal from the United States, and "does not permit indefinite detention." If a deportable alien has not
11 been released from immigration custody within a six-month period after the issuance of a final order of
12 removal or deportation, "the habeas court must ask whether the detention in question exceeds a period
13 reasonably necessary to secure removal." Id. at 699; see also Ma, 257 F.3d at 1102 n.5 (declaring that in
14 Zadvydas, "the Supreme Court read the statute to permit a 'presumptively reasonable' detention period of
15 *six months* after a final order of removal–that is, *three months* after the statutory removal period has ended
16 . . . . .") (emphasis in original). When a deportable alien "provides good reason to believe that there is no
17 significant likelihood of removal in the reasonably foreseeable future, the Government must respond with
18 evidence sufficient to rebut that showing." Zadvydas, 533 U.S. at 701. Federal officials **must** release a
19 deportable alien from custody under appropriate conditions of supervision when no "significant likelihood
20 of removal [exists] in the reasonably foreseeable future." Id.; see also Ma, 257 F.3d at 1100 (concluding
21 that federal law does not permit the Attorney General to hold someone "for more than a reasonable period"
22 beyond the ninety-day statutory removal window, and mandates release of the alien under 8 U.S.C.
23 § 1231(a)(3), when the alien "has already entered the United States and there is no reasonable likelihood that
24 a foreign government will accept the alien's return in the reasonably foreseeable future . . . .").

25 The petitioner has been detained in the custody of respondents since **February 8, 2007**, and
26 has spent, in total, over ten months in immigration custody. In the ten months' time since the order of
27 removal became completely final on February 5, 2007, the United States government has not received travel
28 documents that would permit the petitioner's repatriation to the Ukraine. There is no indication that the

5

petitioner can be removed to that country in the reasonably foreseeable future. The ninety day statutory removal period under 8 U.S.C. § 1231 ended on **May 9, 2007,** over six months ago. Moreover, there is no legitimate reason to keep Petitioner in custody. Petitioner was not in custody during the four and a half years after he was ordered removed by an immigration judge, and he duly submitted to Respondents' authority after all of his appeals were denied. In addition to violating Zadvydas, Petitioner's continued detention is likely based on an error of law regarding the effect of his motion to reopen administrative proceedings.

The Zadvydas court erected a "presumptively reasonable" six-month detention period during which the federal government should attempt to accomplish all reasonably foreseeable removals pursuant to 8 U.S.C. § 1231. Zadvydas, 533 U.S. at 701; see also Ma, 257 F.3d at 1102 n.5. The six-month period expired long ago on **August 7, 2007**. Petitioner's detention beyond the presumptively reasonable detention period announced in Zadvydas violates §1231(a)(6), because it is not significantly likely that the petitioner can be removed to the Ukraine in the reasonably foreseeable future. See Zadvydas, 533 U.S. at 700; see also Ma, 257 F.3d at 1112 (holding that section 1231 mandates the release of deportable aliens "at the end of the presumptively reasonable detention period" when "there is no repatriation agreement and no demonstration of a reasonable likelihood that one will be entered into in the near future . . . ."). Therefore, the petitioner **must** be released under the conditions set out in §1231(a)(3). See Zadvydas, 533 U.S. at 700-01.

V.

**REQUESTED RELIEF**

The petitioner requests that this Court order the respondents to release him from custody under the conditions of supervision set forth in 8 U.S.C. §1231(a)(3).

VI.

**VERIFICATION**

I, Vitaliy Kaganovich, hereby verify that the facts contained in the instant petition are true and correct.

Respectfully submitted,

Dated: 12-14-07

_____
**VITALIY KAGANOVICH**
Petitioner

6

# APPENDIX A

Office of Detention and Removal Operations
San Diego Field Office

U.S. Department of Homeland Security
880 Front Street
San Diego, California 92101



U.S. Immigration
and Customs
Enforcement

KAGANOVICH, Vitaliy Semenovich
C/O Corrections Corporation of America
Otay Detention Facility
446 Alta Road, Suite #5400
San Diego, California 92158

A71 243 964

## Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to ICE's reviewing officials.

An Immigration Judge ordered you removed from the United States to the Ukraine, and the Board of Immigration Appeals subsequently upheld that decision. ICE has documents indicating that you are a citizen and national of the Ukraine, and is in position to effect your removal pending the issuance of a travel document. Continued requests are being made to the Consulate of the Ukraine, as well as to ICE Headquarters in an effort to obtain a travel document.

Based on the likelihood of ICE effecting your removal from the United States, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to effect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

If you have not been released or removed from the United States by January 16, 2008, jurisdiction of the custody decision in your case will be transferred to the Headquarters Post Order Unit (HQPDU), 801 I St. NW, Washington, DC 20536. HQPDU will make a final determination regarding your custody.

_____          12/29/07
Signature and Title of Deciding Official          Date

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

FILED
07 DEC 21 PM 3:25
CLERK, US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

| | |
|---|---|
| VITALIY KAGANOVICH, [A71-243-964]<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL CHERTOFF, et al.,<br><br>Defendant. | Case No. TBA  07CV2403 JAH AJB<br><br>PROOF OF SERVICE |

I, the undersigned, say:

1) That I am over eighteen years of age, a resident of the County of San Diego, State of California, and not a party in the within action;

2) That my business address is 225 Broadway, Suite 900, San Diego, California, 92101;

3) That I caused to be delivered the within **CIVIL COVER SHEET, PETITION FOR WRIT OF HABEAS CORPUS, NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF COUNSEL, AND DECLARATION OF JANET C. TUNG IN SUPPORT OF PETITIONER'S MOTIONS WITH $5.00 POSTAL MONEY ORDER,** placing a true copy of the above-mentioned document in the United States mail on December 21, 2007, to:

> KAREN P. HEWITT
> ATTN: Civil Process Unit
> 880 Front Street
> San Diego, CA 92101

I certify under the laws of the State of California that the foregoing is true and correct.

Executed on 21 December 2007 at San Diego, California.

_____
SYLVIA ENRIQUE

**ORIGINAL**

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
VITALIY KAGANOVICH
San Diego Detention Center (CCA), P.O. Box 439049
San Ysidro, CA 92143

**DEFENDANTS**
MICHAEL CHERTOFF, ET AL.

FILED
07 DEC 21 CV 2403 JAH AJB
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

(b) County of Residence of First Listed Plaintiff: SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: SAN DIEGO
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
PRO SE

Attorneys (If Known)   (619) 557-5662
KAREN P. HEWITT, U.S. ATTY
ATTN: CIVIL PROCESS CLERK
880 FRONT STREET, SAN DIEGO, CA 92101

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug |  | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws |  | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract |  / ☐ 385 Property Damage Product Liability |  | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
|  |  |  | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS— Third Party 26 USC 7609 |
| ☐ 290 All Other Real Property |  | ☐ 550 Civil Rights |  | ☐ 890 Other Statutory Actions |
|  |  | ☐ 555 Prison Condition |  |  |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. § 2241

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23     DEMAND $ _____    CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE: 10-12-07        SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # 145834    AMOUNT 5.00    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____
12/21/07

```
       UNITED STATES
       DISTRICT COURT
    SOUTHERN DISTRICT OF CALIFORNIA
          SAN DIEGO DIVISION

       # 145834      - SR
       * * C O P Y * *
       December 21, 2007
           15:26:28

            Habeas Corpus
    USAO #.: 07CV2403 HABEAS
    Judge..: JOHN A HOUSTON
    Amount.:
    Check#.: 57867112040      $5.00 MO


    Total->   $5.00


    FROM: KAGANOVICH V. CHERTOFF, ET AL
          HABEAS
```