ORIGINAL

1  **VITALIY KAGANOVICH**
   **A71-243-964**
2  **San Diego Detention Center (CCA)**
   **P.O. Box 439049**
3  **San Ysidro, CA 92143-9049**

`FILED`

`07 DEC 21  PM 3: 25`

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

5              **UNITED STATES DISTRICT COURT**

6            **SOUTHERN DISTRICT OF CALIFORNIA**

7  **VITALIY KAGANOVICH,**              Civil Action No.
8  **[A71-243-964]**                    **'07 CV 2403 JAH AJB**

9                  **Petitioner,**

10         **v.**                        **DECLARATION OF JANET TUNG IN**
                                         **SUPPORT OF THE**
11 **MICHAEL CHERTOFF, SECRETARY**       **PETITIONER'S MOTIONS**
   **OF THE DEPARTMENT OF**
12 **HOMELAND SECURITY, MICHAEL**
   **MUKASEY, ATTORNEY GENERAL,**
13 **ROBIN F. BAKER, DIRECTOR OF SAN**
   **DIEGO FIELD OFFICE, U.S.**
14 **IMMIGRATION AND CUSTOMS**
   **ENFORCEMENT, JOHN A. GARZON,**
15 **OFFICER-IN-CHARGE,**
16                  **Respondents.**

17         I, Janet Tung, hereby declare:

18         1. I am an attorney duly licensed to practice law in the State of California, in the United States

19 District Courts for the Southern, Eastern, and Northern Districts of California, and in the United States Court

20 of Appeals for the Ninth Circuit.

21         2. I am an employee of Federal Defenders of San Diego, Inc.  Federal Defenders of San Diego,

22 Inc., is ready and able to assist this petitioner in his petition for writ of habeas corpus.

23         3. In my capacity as an employee of the Federal Defenders of San Diego, Inc., I am assisting

24 the petitioner, Vitaliy Kaganovich, in securing his release from the custody of federal immigration officials,

25 and in filing a petition for a writ of habeas corpus in the United States District Court for the Southern District

26 of California.

27 ///

28 ///

1        4.  As an employee of Federal Defenders of San Diego, Inc., I monitor indefinite detainee

2  litigation in other Ninth Circuit districts, and maintain contact with other federal defender offices involved

3  with this litigation.

4        5. The Federal Defenders of San Diego, Inc. currently assists, represents, and/or is preparing

5  to initiate habeas proceedings on behalf of individuals in the Southern District of California, who are non-

6  removable aliens and continue to be detained by the Department of Homeland Security despite the expiration

7  of the 180-day post-order removal period set forth under Zadvydas v. Davis, 533 U.S. 678, 701 (2001).

8        6. As of the filing of this declaration, our office represents others that have been ordered

9  deported and that remain in the detention of the respondents beyond the 180-day post-order removal period

10 that is considered presumptively reasonable in Zadvydas.  By way of example, our office represented Ahmed

11 El-Bashir Mustafa, Case No. 07CV480 WQH (POR), who had been in immigration custody and subject to

12 a final order of removal since July 22, 2006, awaiting removal to Sudan.

13       7. In light of the respondents' continued detention of deportable aliens beyond the 180-day

14 post-order removal period proscribed in Zadvydas, the United States District Court for the Southern District

15 of California has consistently appointed Federal Defenders of San Diego, Inc. to assist petitioners in their

16 efforts to challenge their continued detention in immigration custody in violation of federal law.  See Order

17 to Show Cause as to Why the Petition For Writ of Habeas Corpus Should Not be Granted and Order Granting

18 Motion for Appointment of Counsel, Mustafa v. Chertoff, et al., Case No. 07CV480 WQH (POR) (S.D. Cal.

19 May 1, 2007) (attached hereto as Appendix A); Order (1) Granting Petitioner's Motion for Appointment of

20 Counsel; (2) Granting Petitioner In Forma Pauperis Status; and (3) Directing Respondents to Show Cause,

21 Baltayan v.Chertoff, et al., Case No. 06CV0305-IEG (BLM) (S.D.. Cal. Feb. 15, 2006) (attached hereto as

22 Appendix B); see also Order Granting Motion for Appointment of Counsel, Casas-Castrillon v. Dept. of

23 Homeland Security, Case No. 05CV1552-BEN (NLS) (S.D. Cal. Jan. 31, 2006) (attached hereto as Appendix

24 C); see also Order Granting Request for Appointment of Counsel, Suarez-Torres v. Chertoff, et al., Case No.

25 06CV1444-W (WMc) (S.D.Cal. Aug. 8, 2006) (attached hereto as Appendix D).

26       8. Mr. Kaganovich is one of several non-removable aliens currently in the respondents' custody

27 in the Southern District of California whom Federal Defenders of San Diego, Inc. is assisting in challenging

28 the lawfulness of detention subsequent to the expiration of the 180-day post-order removal period.

9. I have spoken and corresponded with Mr. Kaganovich in an effort to assist him in securing his release from custody of the respondents. After conferring with Mr. Kaganovich, I concluded that a petition for a writ of habeas corpus should be filed on his behalf, pursuant to 28 U.S.C. § 2241.

10. Based on my discussions with Mr. Kaganovich, I am informed and believe that a federal immigration judge ordered him removed to the Ukraine on July 30, 2002; the Board of Immigration Appeals (BIA) affirmed the decision on January 15, 2004; and the Ninth Circuit denied his petition for review on December 12, 2006 and issued mandate on February 5, 2007, transferring jurisdiction back to the Respondents, over ten months ago. The removal order became administratively final on January 15, 2004. See 8 C.F.R. § 1241.1(a) (circumstances under which order of immigration judge becomes final). Mr. Kaganovich's removal period commenced at least as of February 5, 2007. See 8 U.S.C. § 1231(a)(1)(B)(ii) ("The removal period begins on the latest of the following: . . . If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.").

11. I am informed and believe that Mr. Kaganovich most recently entered respondents' custody on February 8, 2007, and has remained in detention since then. He has therefore been in respondents' continuous custody for over ten months as of the date of this declaration.

12. Mr. Kaganovich is currently detained by the respondents at the ICE San Diego Detention Facility, in the Southern District of California. The 180-day post-order removal detention period enunciated by the Supreme Court in Zadvydas expired on or about **August 8, 2007**.

13. I am informed and believe Mr. Kaganovich a native of the Ukraine born in the former Soviet Union in 1970.

14. I am informed and believe Mr. Kaganovich came to the United States in 1994, as a refugee, and later became a lawful permanent resident in 1995.

15. I am informed and believe that Mr. Kaganovich filed a motion to reopen the removal proceedings. At that time, the stay of removal he had previously obtained from the Ninth Circuit was no longer in effect, and Mr. Kaganovich did not seek an administrative stay of removal. Mr. Kaganovich's motion to reopen, which was denied on July 20, 2007, had no effect on the time period for removal. 8 C.F.R. § 241.4(b)(1) ("An alien who has filed a motion to reopen immigration proceedings for consideration of relief

1  from removal . . . shall remain subject to the provisions of this section [requiring a custody determination after

2  90 days, and HQPDU review after 180 days] unless the motion to reopen is granted.").

3       16. I am informed and believe Mr. Kaganovich has no legal education, training, or background

4  in the United States or any other country.

5       17.  I am informed and believe that Mr. Kaganovich has limited financial resources and is

6  unable to afford to hire an attorney to represent him in this matter. The current balance in his custody trust

7  account is less than $150.  See Prison Certificate attached to accompanying Motion for Appointment of

8  Counsel. Since he is in custody, he does not have a source of income or employment.  Mr. Kaganovich was

9  self-employed as a limo driver before he was taken into custody.  His monthly earnings were approximately

10 $2,000, which terminated in February 2007 due to his prolonged detention.  He has approximately $90.00 is

11 a checking account, has no savings or other financial accounts, and does not own an automobile.

12 Mr. Kaganovich has only approximately $1,000 of equity in the home that he and his wife share.  As a result,

13 he cannot afford to retain counsel.

14

15

16      I certify under the laws of the State of California that the foregoing is true and correct.

17 Executed in San Diego, California on December 21, 2007.

18

19                                      JANET TUNG

20                                      Declarant

21

22

23

24

25

26

27

28

# APPENDIX A



1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9             **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  AHMED EL-BASHIR MUSTAFA,                    CASE NO. 07CV480 WQH (POR)

12                           Petitioner,       ORDER TO SHOW CAUSE AS TO
                                               WHY THE PETITION FOR WRIT OF
            vs.                                HABEAS CORPUS SHOULD NOT
13                                             BE GRANTED AND ORDER
                                               GRANTING MOTION FOR
14  MICHAEL CHERTOFF, SECRETARY OF             APPOINTMENT OF COUNSEL
    THE DEPARTMENT OF HOMELAND
15  SECURITY, et al.,

16                           Respondents.

17

18  HAYES, Judge:

19          Pending before the Court are Petitioner Ahmed El-Bashir Mustafa's Petition for Writ of

20  Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) and motion for appointment of counsel

21  pursuant to 18 U.S.C. § 3006A(a)(2)(B). (Docs. # 3, 1-2). Petitioner, who has been subject to a final

22  order of removal since July 22, 2006, alleges that his continued and indefinite detention is unlawful

23  because he has been detained beyond the presumptively reasonable period of six months and there is

24  no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas v. Davis*, 533

25  U.S. 678 (2001); *Nadarajah v. Gonzalez*, 443 F.3d 1069 (9th Cir. 2006).

26                           **ORDER TO SHOW CAUSE**

27          Having reviewed Petitioner's claims, the Court finds that summary dismissal of the petition

28  is unwarranted at this time. *See Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001)

                                        - 1 -                        07CV480 WQH (POR)

1  ("Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory,

2  palpably incredible, or patently frivolous or false."). Accordingly, Respondents are **ORDERED TO**

3  **SHOW CAUSE** why the petition should not be granted by:

4      (1) filing a written return no later than **Tuesday, May 29, 2007.**

5      (2) filing copies of all documents, orders and transcripts relevant to the petition; and

6      (3) filing a memorandum of law and fact fully stating Respondents' position and making

7          a recommendation regarding the need for an evidentiary hearing on the petition.

8      If Petitioner wishes to reply to the return, he may do so by way of a traverse filed no later than

9  **Friday, June 15, 2007.**

10  **MOTION FOR APPOINTMENT OF COUNSEL**

11      18 U.S.C. § 3006A(a)(2)(B) provides that "[w]henever the United States magistrate or the

12  court determines that the interests of justice so require, representation may be provided for any

13  financially eligible person who . . . (B) is seeking relief under section 2241 . . . ." "The purpose of

14  section 3006A is to provide for appointed counsel whenever required if failure to do so amounts to

15  a denial of due process." *Gray v. Kernan*, No. C-92-3379-DLJ, 1993 U.S. Dist. LEXIS 2113, *10-12

16  (N.D. Cal. Feb. 16, 1993); *citing Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Unless an

17  evidentiary hearing is required, appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B) is in

18  the discretion of the district court. *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181-82 (9th Cir. 1990).

19  In deciding whether to appoint counsel, the district court "must evaluate the likelihood of success on

20  the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the

21  complexity of the legal issues involved." *Gutierrez v. Flannican*, No. CIV 05-2981 PHX DGC

22  (DKD), 2005 U.S. Dist. LEXIS 31984, *1-2 (D. Ariz. Dec. 7, 2005); *citing Weygandt v. Look*, 718

23  F.2d 952, 954 (9th Cir. 1983).

24      **A. Likelihood of Success on the Merits**

25      Petitioner has been subject to a final order of removal since July 22, 2006, yet has been held

26  beyond the six month presumptively reasonable time period articulated in *Zadvydas v. Davis*, 533 U.S.

27  678, 701 (2001). As of yet, the United States has not received travel documents that would permit

28  Petitioner to return to Sudan, and it appears that regional conflict in Sudan could make impossible the

- 2 -

1  receipt by the United States of the necessary travel documents in the reasonably foreseeable future.

2  *See Ma v. Ashcroft*, 257 F.3d 1095, 1005 (9th Cir. 2001) (when there is no reasonable likelihood that

3  a foreign government will accept a removable alien's return in the reasonably foreseeable future, the

4  removable alien may not be held by the United States for more than a reasonable period beyond the

5  removal period). In addition, the United States cannot effectuate Petitioner's removal to a country

6  other than Sudan under 8 U.S.C. § 1231(b)(2)(E)(iii) because Petitioner did not reside in a country

7  other than Sudan before entering the United States. Under the facts as alleged in the Petition for Writ

8  of Habeas Corpus, the Court concludes that Petitioner has demonstrated a likelihood of success on the

9  merits.

10  **B. Complexity of Legal Issues**

11  The complexity of immigration and habeas law highlights the potential benefits of appointed

12  counsel in these proceedings. Indeed, the Court of Appeal for the Ninth Circuit has declared that

13  "[w]ith only a small degree of hyperbole, the immigration laws have been deemed second only to the

14  Internal Revenue Code in complexity." *United States v. Ahumada-Aguilar*, 295 F.3d 943, 950 (9th

15  Cir. 2002). Furthermore, assuming the Court grants the Petition for Writ of Habeas Corpus, there will

16  be a period of supervised release which involves 8 U.S.C. § 1231's complex statutory scheme. *See*

17  *Ma*, 257 F.3d at 1104-05. The Court concludes that the issues presented are sufficiently complex to

18  warrant appointment of counsel, particularly in light of the fact that Petitioner has had no formal

19  education or training in the United States.

20  After reviewing the Petition for Writ of Habeas Corpus and the accompanying declaration, and

21  in recognition of the potential need for an evidentiary hearing, the Court concludes that appointment

22  of counsel is warranted at this time. The motion for appointment of counsel (Docs. # 3, 1-2) is

23  GRANTED. The Court appoints Federal Defenders, Inc. as Petitioner's counsel in this case.

24  **IT IS SO ORDERED**.

25  DATED: May 1, 2007

26  _____
    **WILLIAM Q. HAYES**

27  United States District Judge

28

- 3 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07CV480 WQH (POR)

# APPENDIX B

```
FILED

06 FEB 15 PM 2:36

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:              DEPUTY
```

1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 ARUTYUN BALTAYAN, | CASE NO. 06CV305 -IEG (BLM) |
| 12            Petitioner, | **ORDER (1) GRANTING** |
| 13      vs. | **PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL; (2) GRANTING PETITIONER *IN FORMA*** |
| 14 | ***PAUPERIS* STATUS and (3) DIRECTING RESPONDENTS TO** |
| 15 MICHAEL CHERTOFF, Secretary of the | **SHOW CAUSE WHY PETITIONER'S** |
| 16 Department of Homeland Security, et al., | **REQUEST FOR HABEAS CORPUS RELIEF PURSUANT TO 28 U.S.C. §** |
| 17            Respondents. | **2241 SHOULD NOT BE GRANTED** |

18        On February 9, 2006, Arutyun Baltayan, ("petitioner") filed a petition for a writ of habeas

19 corpus pursuant to 28 U.S.C. § 2241 challenging his detention by respondents Michael Chertoff,

20 Secretary, Department of Homeland Security; Alberto Gonzales, Attorney General; Ron Smith,

21 Director of San Diego Field Office, U.S. Immigration and Customs Enforcement; and Michael

22 McGee, Officer-in-Charge (collectively "respondents" or the "government").

23        On that same day, petitioner filed a motion for appointment of counsel pursuant to 18

24 U.S.C. § 3006A. Section 3006A(a)(2)(b) provides that when the Court determines that "the

25 interests of justice so require," the Court may appoint counsel for financially eligible individuals

26 who are seeking relief under section 2241. The Court finds that the appointment of counsel is

27 appropriate in this case. Federal Defenders of San Diego, Inc., has requested to be appointed to

28 represent petitioner in this matter. The Court therefore **GRANTS** petitioner's motion for

5

05CV0641

1   appointment of counsel and **APPOINTS** Federal Defenders of San Diego, Inc. to represent him.

2           On the same day, petitioner filed a motion to proceed *in forma pauperis* under 28 U.S.C. §

3   1915.  Having reviewed petitioner's application and good cause appearing, the Court **GRANTS**

4   petitioner *in forma pauperis* status.

5           Furthermore, upon receipt of the petition, and finding that the matter is not appropriate for

6   summary disposition, the Court **ORDERS** respondents to show cause why the petition should not

7   be granted.  Respondents shall have until **Monday, March 13, 2006**, to file and personally serve

8   an answer to the petition.  Petitioner may file a traverse by no later than **Monday, April 3, 2006**.

9   Unless the Court orders otherwise, the matter will be taken under submission and decided without

10  oral argument.  Local Rule 7.1(d)(1).

11          **IT IS SO ORDERED.**

12

13  Dated:   2/14/06

14                                          HON. **IRMA E. GONZALEZ**, Chief Judge
                                            United States District Court

15

16

17

18

19

20

21

22

23

24

25

26

27

28

05CV0641

# APPENDIX C

FILED

06 JAN 3 PM 1:40

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                                    DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS FELIPE CASAS CASTRILLON,<br><br>                                        Petitioner,<br><br>        vs.<br><br>DEPARTMENT OF HOMELAND<br>SECURITY, et al.,<br><br>                                        Respondents. | CASE NO. 05CV1552-BEN (NLS)<br><br>**ORDER APPOINTING COUNSEL**<br>(Docket No. 2) |

Petitioner, LUIS FELIPE CASAS CASTRILLON ("Petitioner"), a citizen of Colombia, has filed a petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2241.[1] He claims the Department of Homeland Security has custody of his person in violation of 8 U.S.C. § 1231(a)(6). Petitioner now requests appointment of counsel pursuant to 18 U.S.C. § 3006A. For the reasons that follow, the Court **GRANTS** Petitioner's request and appoints Ms. Lori B. Schoenberg from the Federal Defenders of San Diego as counsel.

"Section 3006A(g) provides that counsel may be appointed for an impoverished habeas

---

[1] "The relevant statute, 28 U.S.C. § 2241, provides that a writ of habeas corpus shall only be granted if 'a prisoner' is in custody under the authority of the United States 'in violation of the Constitution or laws or treaties of the United States.' Although the statute is commonly used by federal prisoners detained on criminal charges, it has also been employed, both historically and in its current form, by aliens detained for immigration law enforcement purposes." Armentero v. I.N.S., 340 F.3d 1058, 1061 (9th Cir. 2003); see also, Zadvydas v. Davis, 533 U.S. 688 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

- 1 -

05cv1552-BEN (NLS)

1  petitioner whenever 'the court determines that the interests of justice so require'. . . ." Bashor v.

2  Risley, 730 F.2d 1228, 1234 (9th Cir. 1984), quoting, 18 U.S.C. § 3006A(g); Chaney v. Lewis, 801

3  F.2d 1191, 1196 (9th Cir. 1986) ("The district court has discretion to appoint counsel for indigents

4  when it determines that the interests of justice so require.") The Court "must evaluate both the

5  likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in

6  light of the complexity of the legal issues involved." Rand v. Rowland, 113 F.3d 1520, 1525 (9th

7  Cir. 1997) (Citations omitted); see also, Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994) ( The

8  Court "should consider the legal complexity of the case, the factual complexity of the case, the

9  petitioner's ability to investigate and present his claim, and any other relevant factors.").

10     It is likely that Petitioner will prevail on his claim. See, Rand v. Rowland, 113 F.3d at

11  1525. Petitioner claims that he is detained in violation of 8 U.S.C. § 1231(a)(6). The Supreme

12  Court has held that a post-removal detention exceeding six months is presumptively unreasonable.

13  See, Zadvydas v. Davis, 533 U.S. at 701 ("[O]nce the alien provides good reason to believe that

14  there is no significant likelihood of removal in the reasonably foreseeable future, the Government

15  must respond with evidence sufficient to rebut that showing."); see also, Arango Marquez v. I.N.S.,

16  346 F.3d 892, 898 -899 (9th Cir. 2003) ("Section 1231(a)(6) does not authorize indefinite post-

17  removal period detention, but instead imposes an implied six-month limit on such detention,

18  provided that removal is not reasonably foreseeable."). According to the Petitioner, he was

19  ordered removed in January 2002 and his removal became final in July 2002. Zadvydas's six

20  months limitation period in Petitioner's case expired in or about January 2003. There is no

21  indication that since Petitioner has been in custody Respondents has attempted to remove him back

22  to Colombia. Petitioner thus has shown that there "is no significant likelihood of removal in the

23  reasonably foreseeable future." Zadvydas v. Davis, 533 U.S. at 701.

24     In addition, Petitioner is incapable of articulating his claims pro se. The case involves

25  complex Constitutional and statutory analysis, and interpretation of Supreme Court precedent.

26  Also, Petitioner's potential release would require, among other things, complex negotiations

27  regarding release terms and bond amounts. See, Bonin v. Vasquez, 999 F.2d 425, 429 (9th Cir.

28  1993) ("[A]ppointment of counsel is necessary to prevent due process violations from occurring.").

1  Finally, Petitioner cannot afford to retain counsel as he has no income or assets.  (Motion at 1.)

2  This, coupled with complexity of the issues presented, also renders appointment of counsel

3  appropriate.

4      For reasons set forth above, Petitioner's request for appointment of counsel is **GRANTED**.

5  The Court appoints Federal Defenders, Inc. (Ms. Lori B. Schoenberg) as counsel.

6

7  DATED: ___1/30/06___

8                                      ROGER T. BENITEZ
                                       United States District Judge

9

10  cc: All parties and respective counsel

11      Federal Defenders of San Diego, Inc. (Ms. Lori B. Schoenberg)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# APPENDIX D

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FILED

06 AUG -8 AM 10: 23

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

AROLDO SUAREZ-TORRES,

                    Petitioner,

        v.

MICHAEL CHERTOFF, Secretary of
the Department of Homeland
Security; ALBERTO GONZALES,
Attorney General of the United States;
RON SMITH, Director of San Diego
Field Office, Bureau of Immigration
and Customs Enforcement, and TONY
CERONE, Officer-in-Charge,

                    Respondents.

CASE NO: 06-CV-1444 W
(WMC)

**ORDER GRANTING
REQUEST FOR
APPOINTMENT OF
COUNSEL**

On July 17, 2006 Petitioner Aroldo Suarez-Torres ("Petitioner"), a detainee in the custody of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement, proceeding *pro se*, commenced this Petition for habeas relief under 28 U.S.C. § 2241. Petitioner now seeks appointment of counsel. For the reasons outlined below, the Court **GRANTS** Petitioner's request.

I.    REQUEST FOR APPOINTMENT OF COUNSEL

The Court may appoint counsel for financially eligible persons seeking habeas



- 1 -

06cv1444w

1    relief if "the interests of justice so require." 28 U.S.C. § 3006A (a)(2)(B). "In deciding

2    whether to appoint counsel in a habeas proceeding, the district court must evaluate the

3    likelihood of success on the merits as well as the ability of the petitioner to articulate

4    his claims pro se in light of the complexity of the legal issues involved." Weygandt v.

5    Look, 718 F.2d 952, 954 (9th Cir. 1983); see also Rand v. Rowland, 113 F.3d 1520,

6    1525 (9th Cir. 1997). Additionally, appointed counsel is mandated when (1) necessary

7    for effective discovery, or (2) an evidentiary hearing may occur. Weygandt, 718 F.2d

8    at 954.

9        A.    LIKELIHOOD OF SUCCESS ON THE MERITS

10       The Court must first determine Petitioner's likelihood of success on the merits.

11   The United States Supreme Court has stated that a detention of more than six months

12   beyond the post-removal period is presumptively unreasonable. Zadvydas v. Davis, 533

13   U.S. 678, 701 (2001). At that point, "once the alien provides good reason to believe

14   that there is no significant likelihood of removal in the reasonably foreseeable future,

15   the Government must respond with evidence sufficient to rebut that showing." Id.

16       Here, Petitioner fled Cuba by boat in 1980 and was paroled into the U.S. as a

17   "Mariel" refugee from Cuba. Petition at 1. In 1982, Petitioner was ordered deported

18   to Cuba and initially entered Respondent's custody at that time, remaining in detention

19   for two years. (Id. at 2.) He was later returned to custody in 1995 and remained in

20   immigration detention for eight years, being released in 2003. (Id.)

21       Petitioner was subsequently returned to the custody of U.S. Immigration and

22   Customs Enforcement ("ICE") on December 27, 2005. He has remained in ICE

23   custody since that date. ICE conducted a Post-Order Custody Review of Petitioner's

24   detention pursuant to 8 C.F.R. §241.4 in April 2006. ICE informed the Petitioner that

25   he would not be released from custody pending removal or further review by the

26   Headquarters Post-Order Detention Unit. His custody review by Headquarters was

27   scheduled to be held on or about June 27, 2006. He is currently in custody.

28       As such, the 180-day post-removal period expired on or before June 25, 2006

1  from Petitioner's last detention on December 27, 2005.  Moreover, the evidence

2  suggests that Petitioner's native country, Cuba, will not enable removal.  During the

3  twenty-four year period in which Petitioner has been awaiting removal, including a total

4  of over ten years in physical custody of federal immigration officials, the United States

5  government has not received travel documents that would permit the Petitioner's

6  repatriation to Cuba. See Petition at 2.  On this evidence, the Court finds that

7  Petitioner has satisfied his burden and demonstrated to the Court's satisfaction that

8  there "is no significant likelihood of removal in the reasonably foreseeable future."

9  Zadvydas, 533 U.S. at 701.  Therefore, Petitioner has demonstrated a high likelihood

10  of success on the merits.

11       B.  COMPLEXITY OF LEGAL ISSUES

12       Next, the Court must determine whether Petitioner is capable of articulating his

13  claims *pro se* in light of the case's complexity.  The Court finds that Petitioner is

14  incapable of adequately articulating these claims *pro se* for several reasons.  First, the

15  case involves Constitutional analysis, complex statutory analysis, principles of

16  jurisdiction, and administrative procedure.  Second, an analysis of immigration law is

17  required and the Ninth Circuit has declared that "[w]ith only a small degree of

18  hyperbole, the immigration laws have been deemed second only to the Internal

19  Revenue Code in complexity." United States v Ahumada-Aguilar, 295 F.3d 943, 950

20  (9th Cir. 2002)(citations and internal quotes omitted).  Therefore, it is unlikely

21  Petitioner could "thread the labyrinth" of immigration law without an attorney.  Id.

22  Third, Petitioner's potential supervised release would require complex negotiations

23  regarding release terms, bond amounts, and other considerations.  Finally, Petitioner's

24  education compels appointed counsel.  Petitioner has no education, or background in

25  legal affairs, and cannot read English.  See Fife Declaration.  ¶¶ 15-16.  In light of

26  Petitioner's background, coupled with the complexity of the legal issues presented in

27  this case, the Court finds that appointed counsel is appropriate.

28  //

C.   DISCOVERY CONSIDERATIONS

In order to effectively litigate his habeas claim, Petitioner will need access to his Bureau of Immigration and Customs Enforcement file.  To accomplish this goal, Petitioner must (1) be able to effectively use discovery procedures, as well as (2) be capable of interpreting the documents when they arrive.  An evidentiary hearing may be required to give the government an opportunity to rebut Petitioner's contention that his removal to Cuba is not likely in the reasonably foreseeable future and Petitioner lacks sufficient legal background to advocate for himself during a contested motion hearing.  In light of the mandate set forth in Weygandt, as well as the considerations described above, the Court is obligated to appoint counsel to effectively allow proper discovery in this case.

II.   CONCLUSION

In light of the foregoing, the Court **GRANTS** Petitioner's request for appointment of counsel.  The Court appoints Federal Defenders, Inc. (James Fife) as Petitioner's counsel in this case.

IT IS SO ORDERED.

DATE: August 4, 2006                                    _____
                                                        HON. THOMAS J. WHELAN
                                                        United States District Court
                                                        Southern District of California

CC:   ALL PARTIES OF RECORD

      FEDERAL DEFENDERS INC.

      ATTN: JAMES FIFE