UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VITALIY KAGANOVICH,<br><br>  Plaintiff,<br>v.<br><br>MICHAEL CHERTOFF, Secretary of the Department of Homeland Security, et. al.,<br><br>  Defendants. | Civil No.07cv2403 JAH (AJB)<br><br>**ORDER GRANTING MOTION FOR APPOINTMENT OF COUNSEL AND DIRECTING RESPONDENTS TO SHOW CAUSE WHY PETITIONER'S REQUEST FOR HABEAS CORPUS RELIEF PURSUANT TO 28 U.S.C § 2241 SHOULD NOT BE GRANTED** |

Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) along with a motion for appointment of counsel pursuant to 18 U.S.C. § 3006A (Doc. No. 2). After careful consideration, and for the reasons set forth below, this Court GRANTS Petitioner's motion for appointment of counsel and issues an order to show cause requiring Respondents to file a return to the petition.

**I.   Motion for Appointment of Counsel**

Petitioner moves for appointment of counsel under 18 U.S.C. § 3006A(a)(2). Under this statute, the district court may appoint counsel for financially eligible petitioners seeking relief under 28 U.S.C. § 2241 when "the interests of justice so require." The Court considers whether there is a likelihood of success on the merits and whether the unrepresented petitioner has the ability to articulate his claims in light of the complexity of the issues presented. Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner demonstrates he is financially unable to retain counsel. He has less than

$200 in his account at the San Diego Detention Center and his checking account, and no income. Petitioner owns a home, but has less than $1,000 in equity. Accordingly, he is financially eligible for a court-appointed attorney.

Further, the Court finds the issues presented in this action warrant appointment of counsel. Petitioner maintains he has been in Respondent's custody since February 8, 2007 and has been under a final order of removal to the Ukraine since February 5, 2007. Petitioner further maintains the United States has not received travel documents since he has been subject to the final order of removal and it is extremely unlikely the Ukraine will issue travel documents to permit his removal in the foreseeable future. In Zadvydas v. Davis, 121 S. Ct. 2491, 2505 (2001), the Supreme Court held that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention and, once an alien has been held for six months under the post-removal-period statute and provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must furnish evidence sufficient to rebut that showing. Petitioner's allegations and prevailing law suggests Petitioner may succeed on his claim.

In addition, Petitioner cannot adequately articulate his claims *pro se*. The case involves complex Constitutional and statutory analysis, and interpretation of Supreme Court precedent. Petitioner has no legal training or background and may not be able to obtain discovery without the aid of counsel. Thus, having carefully considered Petitioner's motion, the record, and applicable law, the Court finds that the interests of justice require appointment of counsel. Based upon Petitioner's motion and the declaration of Janet Tung, an attorney with the Federal Defenders of San Diego, Inc., the Court appoints the Federal Defenders of San Diego, Inc. to represent Petitioner. Accordingly, **IT IS HEREBY ORDERED** Petitioner's motion for appointment of counsel is **GRANTED.**

II. **Order to Show Cause**

Having received and reviewed the petition for writ of habeas corpus under 28 U.S.C. § 2241, **IT IS HEREBY ORDERED**:

1. Respondents shall file a return to the petition for writ of habeas corpus on

1  or before **February 19, 2008**. Respondents shall include copies of all pertinent documents, orders, and transcripts relevant to this petition, and shall also make a recommendation regarding the need for an evidentiary hearing on the merits of the petition.

2. Petitioner shall file a traverse on or before **March 4, 2008**. *The matter will be deemed under submission at that time*.

DATED: January 16, 2008

JOHN A. HOUSTON
United States District Judge