1  KAREN P. HEWITT
   United States Attorney
2  SAMUEL W. BETTWY
   Assistant U.S. Attorney
3  California State Bar No. 94918
   United States Attorney's Office
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-7119
   Facsimile:  (619) 557-5004
6
   Attorneys for Respondents
7

8              UNITED STATES DISTRICT COURT

9          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11  VITALIY KAGANOVICH,          )  Case No. 07cv2403-JAH (AJB)
                                 )
12              Petitioner,      )
                                 )
13       v.                      )  EXHIBITS
                                 )
14  MICHAEL CHERTOFF, Secretary  )
    of Homeland Security, et al.,)
15                               )
                Respondents.     )
16  _____  )

17
18  DHS Case Synopsis. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

    2/24/01 DHS Incident Reports. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-4
19
    2/25/01 Notice to Appear. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-6
20
    IJ's 7/30/02 Order. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-8
21
    BIA's 1/15/04 Order. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9
22
    Ninth Circuit's 12/12/06 Opinion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10-14
23
    Ninth Circuit's 12/12/06 Memorandum. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15-18
24
    BIA's 7/20/07 Order. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19-21
25
    2/8/07 I-213 (apprehension of Petitioner). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22-23
26
    Cover page of Petitioner's 3/27/07 Motion to Reopen before BIA. . . . . . . . . . . . .  24
27
    DHS's 10/29/07 Decision to Continue Detention. . . . . . . . . . . . . . . . . . . . . . . . 25-34
28

Detention and Removal Operations
**U.S. Department of Homeland Security**
880 Front Street Ste. 2242
San Diego, CA 92101



**U.S. Immigration
and Customs
Enforcement**

MEMORANDUM FOR:    Robin F. Baker
                   Field Office Director

FROM:              Doug Haroldsen
                   SDDO

SUBJECT:           Case Synopsis
                   KAGANOVICH, Vitaliy Semenovich
                   A71 243 964

Subject is a 36-year-old male native and citizen of Ukraine who was initially admitted to the United States on 04/05/94 at San Ysidro, CA as a refugee.

**02/24/01:** Subject arrested at the San Ysidro, CA port of entry attempting to smuggle an undocumented alien into the U.S. from Mexico in his vehicle.

**02/25/01:** Subject served with Notice to Appear charging him as inadmissible to the United States under Section 212(a)(6)(E)(i) based upon his attempt to smuggle an undocumented alien into the United States from Mexico. Subject released on parole.

**07/30/02:** Subject ordered removed to the Ukraine by Immigration Judge (IJ), reserves appeal.

**08/26/02:** Subject files appeal with Board of Immigration Appeals (BIA).

**01/15/04:** BIA affirms decision of IJ.

**02/11/04:** Subject files appeal with 9th Circuit Court of Appeals, case #04-70625.

**12/12/06:** Appeal dismissed by 9th Circuit Court of Appeals.

**02/09/07:** Subject arrested by Fugitive Operations Team, transferred to Otay Detention Facility.

**02/20/07:** Request for travel document made to Consulate of Ukraine.

**03/23/07:** Subject files Motion to Reopen with BIA.

**07/20/07:** BIA dismisses Motion to Reopen.

**07/31/07:** Follow up request for travel document made to Consulate of Ukraine.

**U.S. Department of Justice**

Immigration and Naturalization Service

## Record of Deportable/Inadmissible Alien

| | | |
|---|---|---|
| Family Name (CAPS), First, Middle<br>KAGANOVICH, Vitaliy Semenovich | Sex **Male** | Hair **Blond** |
| | Eyes **Blue** | Complexion **Light** |

| | | | |
|---|---|---|---|
| Country of Citizenship<br>Ukraine | Passport Number and country of Issuance<br>Not applicable | File Number<br>A-71 243 964 | Height **66"** |

| Weight **170 lbs** | Occupation **Taxi driver** |
|---|---|

| U. S. Address<br>5700 Baltimore Dr. #33, La Mesa, CA 91942 | Scars and Marks<br>Tattoo: LF hand web&shoulder,RT thigh |
|---|---|

| Date, Place, Time, Manner, of Last Entry<br>Not applicable | Passenger Boarded At<br>N/A | F. B. I. Number<br>243930RB7 | ☐Single  ☐Divorced  ☒Married<br>☐Widower  ☐Separated |
|---|---|---|---|

| Number, Street, City, Province, (State) and Country of Permanent Residence<br>Same as above | Method of Location / Apprehension<br>Border Inspection/San Ysidro |
|---|---|

| Date of Birth<br>August 17, 1970          Age 30 | Date of Action<br>02/25/01 | Location Code<br>SDP/SYS | At/Near<br>SYS POE | Date/Hour<br>02/24/01   1743 |
|---|---|---|---|---|

| City, Province, (State) and County of Birth<br>Zhitomir, Ukraine | AR ☒ | Form (Type & No.) Lifted ☒ Not Lifted ☐<br>Smuggler w/I-551- 1 Ukrainian | By<br>D. Taylor/Ins |
|---|---|---|---|

| Visa Issued At - NIV No.<br>Not applicable | Social Security Account Name<br>Kaganovich, Vitaliy Semenovich | Status at entry<br>Attempted | Status When Found<br>Excludable |
|---|---|---|---|

| Date Visa Issued<br>Not applicable | Social Security Number<br>615 72 4368 | Length of Time Illegally in U. S.<br>6 years |
|---|---|---|

| Immigration Record<br>Fins No. 8273029 | Criminal Record<br>None found |
|---|---|

| Name, Address and Nationality of Spouse (Maiden Name, if appropriate)<br>Florentina Kofman, Ukraine | Number and Nationality of Minor Children<br>1 US citizen |
|---|---|

| Father's Name and Address, if Known<br>Semen Kaganovich, Ukranian | Mother's Present and Maiden Names, Nationality, and Address, if Known<br>Aleksandra Kaganovich, US Citizen /Ukrainian |
|---|---|

| Monies Due / Property in U. S. Not in Immediate Possession<br>Form G-589 No. | Fingerprinted? ☒Yes  ☐No | INS Systems Checks | Charge Code Word(s)<br>6E |
|---|---|---|---|

| Name and Address of (Last)(Current) U. S. Employer | Type of Employment | Salary<br>          hr. | Employed from/to |
|---|---|---|---|

Narrative (Outline particulars under which alien located / apprehended. Include details, not shown above, re time, place, manner of last entry, and elements which establish administrative and / or criminal violations. Indicate means and route of travel to interior.)

On February 24, 2001 at approximately 1743 hours, Vitaliy Semenovich KAGANOVICH applied for admission to the United States from Mexico through the San Ysidro, California Port of Entry vehicle lanes. KAGANOVICH was the driver of an Airport Rent a Car, green  2001 Toyota Camry, bearing license plate #4EDW517/CA with a lone passenger. KAGANOVICH presented a resident alien card, which is legally issued to him, and declared he was not bringing anything from Mexico to Immigration Inspector (II) D. Taylor. The lone male passenger, later identified as Roman Marfoot a national of Ukraine, presented an Immigration Form I-551 (#A071080847 in the name of Sergey Aleksandrov). II Taylor suspected the passenger presented a document not lawfully issued to him. II D. Taylor also noticed that KAGANOVICH was doing all the talking for the passenger. KAGANOVICH declared to II Taylor that he just met the passenger in a store in Tijuana and asked for a ride across the border. KAGANOVICH recanted his original declaration on how long he had known the passenger. KAGANOVICH later declared "I've known him only two months" and then changed it to "I've only known him one week." II Taylor escorted the vehicle with all its occupants to the vehicle secondary area for further investigation.

During the secondary inspection, Immigration SOI J. Roby took over the case from II Taylor. SOI Roby recognized the driver, KAGANOVICH, as a prior smuggler of three Ukrainians at the San Ysidro POE in January. It was also verified that Roman Marfoot presented a document not lawfully issued to him. Marfoot was determined to be a national of Ukraine with no documentation to enter, pass through or remain in the United States at this time. KAGANOVICH and Marfoot were referred to the Port Enforcement Team for further disposition.

| | | |
|---|---|---|
| Alien has been advised of communication privileges. | (Date/Initials) | (Signature and Title of INS Official) |

| Distribution: | Received (Subject and Documents)(Report of Interview)<br>Officer:       E. DelaCalzada, II SDP #522 |
|---|---|
| | on:  February 25, 2001                    at    1530      (time) |
| | Disposition     Served I-862 & paroled into the US until 4/24/2001 |
| | Examining Officer: |



2

**U.S. Department of Justice**
Immigration and Naturalization Se   e

**Continuation Page For    .a**                I-213

| Alien's Name | File Number | Date |
|---|---|---|
| **KAGANOVICH** | A71 243 964 | February 25, 2001 |

During a video interview conducted by myself, II E. DelaCalzada, and witnessed by Immigration Inspector M. Herring, KAGANOVICH made the following declaration:  KAGANOVICH claimed he went to Tijuana to buy some alcohol and cigarette.  KAGANOVICH claimed while he was in the store he overhead Marfoot, who was buying some meat, talking some Ukrainian to the salesperson.  KAGANOVICH claimed he approached and talked to Marfoot.  KAGANOVICH claimed Marfoot asked him for a ride to San Diego. KAGANOVICH claimed he asked Marfoot if he has a legal document to enter the United States and agreed to give him a ride after looking at his document.  KAGANOVICH claimed he did not know that Marfoot was not the lawful owner of the Immigration document.

It appears to me that KAGANOVICH was not telling the whole truth. KAGANOVICH stated he went to Tijuana to buy some alcohol and cigarette.  I personally handed KAGANOVICH his property, before I paroling him into the United States, and I did not see any cigarettes or alcohol.  If KAGANOVICH was in Tijuana to buy some alcohol and cigarette, why was he driving an Airport rental car, 2001 Toyota Camry? KAGANOVICH could have taken the trolley or other form of public transportation if he was really trying to save some money.   KAGANOVICH claimed he met Marfoot in a supermarket in Tijuana buying some ham/meat.  It is a known fact that liquor stores in Tijuana offer cheaper prices and more selection than in the supermarket.  Also, it is unconceivable that Marfoot, who was alone, would be talking Ukrainian to the salesperson. If KAGANOVICH was just giving Marfoot a ride into the United States as he claims, why was he doing all the talking when they applied for admission into the United States.

KAGANOVICH admitted he was apprehended on January 24, 2001, trying to smuggle three Ukrainians (with counterfeit Immigration documents) into the United States through San Ysidro Port of Entry. KAGANOVICH claimed then that he was in a restaurant in Tijuana and heard some people speaking Ukrainian. KAGANOVICH claimed he went over to talk to them and they asked him for a ride to San Diego. Comparing the similarity of the incidents on January 24, 2001 and February 24, 2001, this writer could not believe that KAGANOVICH was merely giving Marfoot a ride into the United States without financial gain.

I believe that KAGANOVICH was more involved in these smuggling cases than what he was willing to admit.

**DISPOSITION: KAGANOVICH** appears inadmissible per sections 212(a)(6)(E)(i) of the INA, as amended. KAGANOVICH was served an I-862, paroled into the United States until April 24, 2001, pending a 240-removal hearing before an Immigration Judge to be determined at a later date, time and location.

| Signature | Title |
|---|---|
| E. DelaCalzada | Immigration Inspector #522 |

Form I-831 Continuation Page (Rev. 12/29/96)

3

**U.S. DEPARTMENT OF JUSTICE**
*Immigration and Naturalization Service*                VS# 30597    **Alien Smuggler Data Input Sheet**

| 1. Source (Name of Inspector/Agent): Parra, Victor / Immigration Inspector | District/Sector (Code): SYS | Date of INFO/APP: January 24, 2001 |
|---|---|---|

| 2. Smuggler - Name (Last, First, Middle): KAGANOVICH, VITALIY | Organization Name: Not Applicable | Case Category (Circle One): I  II  III  IV  V |
|---|---|---|

| 3. Alias(es): Not Applicable | File Number: A 71 243 964 |
|---|---|

| 4. U.S. Address (Street, City, State, Zip Code): 6545 JAFFE CT, SAN DIEGO, CA 92119- | Social Security Number: 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 |
|---|---|

| 5. Foreign Address (Street, Colonia, City, State, Country): None Provided | Driver's License Number/State: B5293308/CA |
|---|---|

| 6. Date of Birth: August 17, 1970 | 7. Place of Birth: Ukraine | 8. Nationality: Ukraine | Telephone Number: |
|---|---|---|---|

| 9. Sex: Male | 10. Height: 5-05 | 11. Weight: 170 | 12. Hair (Color): BLN | 13. Eyes (Color): BLU | 14. INS Status: LPR NIV USC EWI | Fingerprint Number: |
|---|---|---|---|---|---|---|

| 15. Scars/Marks and Other Identyfing Data: None Visible | FBI Number: |
|---|---|

| 16. Prosecution: Declined [✓]   Accepted [ ]        Sentence | Other Numbers: |
|---|---|

| 17. Vehicle Description: Mitsubishi/GALANT/1998/Black | License/Reg. Number/State: 3XYZ600 / CA |
|---|---|

| 18. Name and Address of Registered Owner: ACE, AUTO RENTAL, 3350 EL CAJON BLVD, SAN DIEGO, CA USA | VIN Number: 4A3AJ56GXWE085554 |
|---|---|

| 19. Criminal Associates (Name, Date of Birth and Address): | |
|---|---|
| a. AGRASAY, VOLODYMYR - 10/24/1957 - , , | d. |
| b. PANCHENKO, MYKOLA - 03/12/1956 - , , | e. |
| c. KUZNYETSOV, IGOR - 04/05/1969 - | f. |

| 20. Smuggled Aliens (Number in Load): 3 | 21. Nationalities and Number of Each: UKRAINIAN |
|---|---|

**23. Synopsis:**

On 01/24/01 at approximately 1241 hours, a 1998 Mitsubishi Galant, bearing plate CA/3XYZ600, applied for admission into the United States from Mexico through the San Ysidro Port of Entry vehicle primary lanes. The driver of the vehicle was KAGANOVICH, Vitaliy, Resident Alien #A071243964. He was accompanied by AGRASAY, Volodymyr, Resident Alien #A097856341. PANCHENKO, Mykola, Resident Alien #A063548675 and KUZNYETSOV, Igor, Resident Alien #A089673423. During primary inspection, all of the vehicle occupants presented their I-551 Alien Registration Receipt Cards. The primary inspector suspected AGRASAY, PANCHENKO and KUZNYETSOV had presented counterfeit documents and referred them to INS vehicle secondary for further investigation. During the secondary inspection, AGRASAY, PANCHENKO and KUZNYETSOV admitted to their true identities and nationalities as AGRASAY, Volodymyr, DOB:10/24/57 POB:Zaporozkye, Ukraine, KUZNYETSOV, Igor DOB:04/05/69 POB:Zaporozhye, Ukraine and PANCHENKO, Mykola, DOB:03/12/56 POB: Zaporozhye, Ukraine. All the subjects were placed into custody and escorted to 0-1 office. In 0-1, KAGANOVICH stated that he went to Tijuana, Mx. for the day to shop. He was having coffee at a restaurant on Revolution St. in Tijuana, when he heard some people speaking Ukranian. He went over to talk to them, and they asked him if he would give them a ride to San Diego, CA., to which he agreed. He further claims that he had no knowledge that they had no proper documents to enter into the United States.

DISPOSITION: AGRASAY, PANCHENKO and KUZNYETSOV are inadmissible to the United States pursuant to sections 212(a)(6)(C)(i) and 212(a)(7)(A)(i)(I) of the INA, as amended and was subsequently turned over to the San Ysidro Port Enforcement Team for further disposition. Prosecution declined, KAGANOVICH was released, the vehicle was turned over to vehicle seizure due to it was a rental.

③

| 24. Supervisory Review | | 25. Distribution: 1-PET 1-INT 1-VS |
|---|---|---|

G-170 (4-1-83)Y Revised SND

4

U.S. Department of Justice
Immigration and Naturalization Service

**Notice to Appear**

## In removal proceedings under section 240 of the Immigration and Nationality Act

File No:  A71 243 964

In the Matter of:

Respondent:  **KAGANOVICH, Vitaliy Semenovich**

currently residing at:

5700 Baltimore Dr. #33, La Mesa, CA 91942
(Number, street, city, state and ZIP code)

(619) 667-0280
(Area code and phone number)

☒ 1. You are an arriving alien.
☐ 2. You are an alien present in the United States who has not been admitted or paroled.
☐ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

4.  You are not a citizen or national of the United States.
5.  You are a native of Ukraine and a citizen of Ukraine.
6.  On or about February 24, 2001 you made application for admission into the United States from Mexico via the San Ysidro, California Port of Entry as the driver of a vehicle.
7.  You presented your valid Resident Alien card (Immigration Form I-551).
8.  You are ineligible for admission to the United States because you attempted to smuggle one undocumented Ukrainian male: Roman Marfoot (impostor on an Immigration Form I-551) into the United States in the vehicle you were driving.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

**Section 212(a)(6)(E)(i)** of the Immigration and Nationality Act, as amended, in that you are an alien who at any time knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

☐ Section 235(b)(1) order  was vacated pursuant to: ☐ 8 CFR 208.30(f)(2) ☐  8 CFR 235.3(b)(5)(iv)

**YOU ARE ORDERED** to appear before an immigration judge of the United States Department of Justice at:
To be determined at a later date, time and location.

on _____ at __TBD__  to show why you should not be removed from the United States based on the
       (Date)                              (Time)
charge(s) set forth above.

(Complete Address of Immigration Court, Including Room Number, if any)

E. DelaCalzada, Immigration Inspector SDP/SYS
Signature and Title of Issuing Officer

Date    February 25, 2001

San Ysidro, California
(City and State)

## See reverse for important information

5

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

---

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

X _____
(Signature of Respondent)

Before: _____

E. DelaCalzada, Immigration Inspector SDP/SYS
(Signature and Title of INS Officer)

Date:    February 4, 2001

---

### Certificate of Service

This Notice to Appear was served on the respondent by me on   February 25, 2001   , in the following manner and in
(Date)

compliance with section 239(a)(1)(F) of the Act.

☒ in person          ☐ by certified mail, return receipt requested          ☐ by regular mail

☐ Attached is a list of organizations and attorneys which provide free legal services.

☒ The alien was provided oral notice in the _____ English _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

X _____
(Signature of Respondent if Personally Served)

E. DelaCalzada, Immigration Inspector
(Signature and Title of Officer)

6

IMMIGRATION COURT
401 WEST A STREET, SUITE #800
SAN DIEGO, CA  92101-7904

In the Matter of

Case No.: A71-243-964

KADANOVICH, VITALIY SEMENOVICH
    Respondent

IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Jul 30, 2002.
This memorandum is solely for the convenience of the parties. If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[✓]  The respondent was ordered removed from the United States to UKRAINE
                                                    or in the alternative to

[  ]  Respondent's application for voluntary departure was denied and
      respondent was ordered removed to
      alternative to

[  ]  Respondent's application for voluntary departure was granted until
          upon posting a bond in the amount of $ _____
      with an alternate order of removal to

[✓]  Respondent's application for asylum was ( )granted  (✓)denied
      ( )withdrawn.

[✓]  Respondent's application for withholding of removal was ( )granted
      (✓)denied  ( )withdrawn.

[✓]  Respondent's application for cancellation of removal under section
      240A(a) was ( )granted  (✓)denied  ( )withdrawn.

[  ]  Respondent's application for cancellation of removal was ( ) granted
      under section 240A(b)(1)   ( ) granted under section 240A(b)(2)
      ( ) denied  ( ) withdrawn. If granted, it was ordered that the
      respondent be issued all appropriate documents necessary to give
      effect to this order.

[  ]  Respondent's application for a waiver under section _____ of the INA was
      ( )granted  ( )denied  ( )withdrawn or ( )other.

[  ]  Respondent's application for adjustment of status under section _____
      of the INA was ( )granted  ( )denied  ( )withdrawn. If granted, it
      was ordered that respondent be issued all appropriate documents necessary
      to give effect to this order.

[  ]  Respondent's status was rescinded under section 246.

[  ]  Respondent is admitted to the United States as a _____ until _____

[  ]  As a condition of admission, respondent is to post a $ _____ bond.

[✓]  Respondent knowingly filed a frivolous asylum application after proper
      notice.

[  ]  Respondent was advised of the limitation on discretionary relief for
      failure to appear as ordered in the Immigration Judge's oral decision.

[  ]  Proceedings were terminated.

[  ]  Other:

Date:  Jul 30, 2002
Appeal: Waived/Reserved    Appeal Due by:
          By           By                8/29/02
         INS        Respondent                    IGNACIO P. FERNANDEZ
                                                  Immigration Judge

GMV

ALIEN NUMBER: 71-243-964    ALIEN NAME: RABANOVICH, VITALIY SEMENO

CERTIFICATE OF SERVICE

THIS DOCUMENT WAS SERVED BY: MAIL (M)    PERSONAL SERVICE (v)
TO: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [/] ALIEN's ATT/REP  [/] INS
DATE: ___07-30-02___ BY: COURT STAFF ___AEH___
    Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

96

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:   A71-243-964 - SAN DIEGO                     Date:

In re:  KAGANOVICH, VITALIY SEMENOVICH

IN REMOVAL PROCEEDINGS                              JAN 1 5 2004

APPEAL

ON BEHALF OF RESPONDENT:  Montag, Jonathan D., Esq.

ON BEHALF OF DHS:   (Illegible), Assistant District Counsel


ORDER:

PER CURIAM. The respondent has appealed from the Immigration Judge's decision dated July 30, 2002. We affirm the Immigration Judge's findings as to (1) the respondent's inadmissibility on the charge of assisting another alien to enter the United States in violation of law, *see* section 212(a)(6)(E)(i) of the Immigration and Nationality Act ("Act"), 8 U.S.C. § 1182(a)(6)(E)(i); and (2) the respondent's ineligibility for cancellation of removal. *See* sections 240A(a)(2) and 240A(d)(1) of the Act, 8 U.S.C. §§ 1229b(a)(2) and 1229b(d)(1).

We further affirm the Immigration Judge's adverse credibility finding in connection with the respondent's application for asylum. *See Valderrama v. INS*, 260 F.3d 1083, 1085 (9th Cir. 2001); *Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir. 2001). As the respondent has failed to submit a credible claim for asylum and withholding of removal, he is ineligible for such relief. *See generally Pal v. INS*, 204 F.3d 935 (9th Cir. 2000). Similarly, we cannot discern credible evidence in this case that would persuasively show that the respondent is likely to be tortured upon return to Ukraine. *See Matter of G-A-*, 23 I&N Dec. 366 (BIA 2002); *Matter of J-E-*, 23 I&N Dec. 291 (BIA 2002); 8 C.F.R. § 208.16. However, we find insufficient evidence to support the Immigration Judge's finding that the respondent's asylum application was frivolous. *See* 8 C.F.R. § 1208.20.

The appeal is dismissed.


_Frederick D. Hess_
FOR THE BOARD

*9*

FOR PUBLICATION

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

VITALIY SEMENOVICH KAGANOVICH,
                        *Petitioner*,

                v.

ALBERTO R. GONZALES, Attorney
General,
                        *Respondent*.

No. 04-70625

Agency No.
A71-243-964

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
November 17, 2006—Pasadena, California

Filed December 12, 2006

Before: Richard D. Cudahy,* Susan P. Graber, and
Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Graber

---

SUMMARY

Immigration/Removal and Asylum

The court of appeals denied a petition for review. The court
held that an alien who arrives in the United States as a refugee
may be removed even if refugee status has never been termi-
nated pursuant to 8 U.S.C. § 1157(c)(4).

*The Honorable Richard D. Cudahy, Senior United States Circuit Judge
for the Seventh Circuit, sitting by designation.

19365

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2006 Thomson/West.

10

Petitioner Vitaliy Kaganovich, who came to the United States as a refugee from Ukraine, his home country, and became a lawful permanent resident, was charged with inadmissibility for alien smuggling after attempting to drive from Mexico back into the United States with a Ukraine-citizen passenger who presented false documentation to the border patrol. After a hearing, an immigration judge (IJ) found that Kaganovich's conduct met the statutory definition of "alien smuggling" and therefore ordered him removed. Kaganovich appealed, stating in his notice of appeal that the IJ erred in disregarding that Kaganovich entered the United States as a refugee. The Board of Immigration Appeals (BIA) affirmed without elaboration.

Kaganovich petitioned for review, contending that he could not be removed because he entered the United States as a refugee and his refugee status was not terminated in the manner contemplated by § 1157(c)(4). The government argued that this claim was not exhausted before the BIA.

**[1]** Kaganovich's statement in his notice of appeal was sufficient to put the BIA on notice and the agency had an opportunity to pass on this issue. **[2]** Kaganovich's failure to elaborate on the argument in his brief to the BIA was immaterial to the court of appeals' jurisdiction. Kaganovich raised the issue before the BIA, and Ninth Circuit precedent requires nothing more.

**[3]** The BIA, in a published opinion, has held that regardless of whether a refugee loses refugee status upon adjusting status to lawful permanent resident, the refugee may be removed. The Third Circuit recently upheld that interpretation. **[4]** The relevant statute plainly provides for the possibility that a person classified as a "refugee" may be removed. The general removal provision states that "any alien" may be removed. Kaganovich did not contend that he was not an alien.

**[5]** Even if the statute were ambiguous because of the benefits afforded those who arrive as refugees, courts must defer to an agency's reasonable, published interpretation of an ambiguous provision within its area of expertise. **[6]** The BIA's interpretation of the statutory scheme as a whole was reasonable in view of the statutory text allowing removal of any alien. The BIA's interpretation also was reasonable in view of the policy considerations it examined. The BIA has observed that it is difficult to imagine that Congress intended validly admitted refugees to be shielded permanently from removal, regardless of the person's acts in the United States. **[7]** The Ninth Circuit joined the Third Circuit in concluding that an alien who arrives in the United States as a refugee may be removed even if refugee status has never been terminated pursuant to § 1157(c)(4). Kaganovich's petition had to be denied.

## COUNSEL

Jonathan D. Montag, Montag & Nadalin LLP, San Diego, California, for the petitioner.

John D. Williams, Trial Attorney, and Terri J. Scadron, Assistant Director, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for the respondent.

## OPINION

GRABER, Circuit Judge:

Petitioner Vitaliy Semenovich Kaganovich seeks review of the Board of Immigration Appeals' ("BIA") order of removal and denial of his claims for relief. In this opinion,[1] we address

[1] Petitioner raises several other issues that we address and reject in a separate memorandum disposition, filed this date.

the question whether an alien who arrives in the United States as a refugee pursuant to 8 U.S.C. § 1157 may be removed, even if his refugee status has never been terminated pursuant to 8 U.S.C. § 1157(c)(4). We conclude that the answer is "yes."

## FACTUAL AND PROCEDURAL BACKGROUND

In the early 1990s, Petitioner applied for refugee status while living in Ukraine, his home country. His application was accepted, and Petitioner arrived in the United States as a refugee in 1994.[2] After residing in the United States for one year, Petitioner became a lawful permanent resident pursuant to 8 U.S.C. § 1159(a).

In early 2001, Petitioner was stopped at the San Ysidro port of entry on the Mexico-United States border by United States border patrol officers, as he attempted to drive from Mexico back into the United States. The passenger in Petitioner's car was a Ukrainian citizen who presented false documentation to the border patrol. Petitioner was charged with inadmissibility for alien smuggling, under 8 U.S.C. § 1182(a)(6)(E)(i).

After hearings before an immigration judge ("IJ"), the IJ found that Petitioner's conduct met the statutory definition of alien smuggling and therefore ordered him removed. The IJ also denied Petitioner's claims for relief in the form of an application for asylum, withholding of removal, and protection under the Convention Against Torture. The BIA affirmed those findings without elaboration. Petitioner filed a timely petition for review in this court.

[2]The exact procedure that Petitioner used to obtain refugee status is unclear from the record. There is some evidence that Petitioner may have been admitted under the provision known as the "Lautenberg Amendment." Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1990, Pub. L. No. 101-167, tit. V, § 599D, 103 Stat. 1195, 1261-63 (1989).

## STANDARD OF REVIEW

We review de novo questions of law. De Martinez v. Ashcroft, 374 F.3d 759, 761 (9th Cir. 2004). In interpreting a statute, we apply the two-part test set forth in Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-45 (1984). See Kepilino v. Gonzales, 454 F.3d 1057, 1061 n.2 (9th Cir. 2006) (applying the Chevron test to the BIA's interpretation of the Immigration and Nationality Act). We first examine the text of the statute to determine whether congressional intent is clear. Chevron, 467 U.S. at 842. If the statute's text is ambiguous, we defer to the agency's reasonable interpretation. Id. at 845.

## DISCUSSION

Petitioner contends that he cannot be removed because he entered the United States as a refugee and his refugee status was not terminated in the manner contemplated by 8 U.S.C. § 1157(c)(4). Petitioner's entry into the United States as a refugee is undisputed. In his application for asylum, and throughout his hearings, Petitioner stated that he originally entered the United States as a refugee. The government has never challenged that fact. Nor has the government ever contended that Petitioner's refugee status was terminated pursuant to § 1157(c)(4). Instead, the government argues that this claim was not exhausted before the BIA and that, if the argument was preserved, Petitioner can be removed notwithstanding his entry into the United States as a refugee. We address each of those arguments in turn.

### A.   Exhaustion of Claim

[1] We must first decide the preliminary question whether Petitioner exhausted his claim before the BIA. See 8 U.S.C. § 1252(d)(1) (providing that the court may review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right"); Vargas v.

*U.S. Dep't of Immigration & Naturalization*, 831 F.2d 906, 907-08 (9th Cir. 1987) (holding that a petitioner's failure to raise an issue to the BIA deprives this court of jurisdiction). Petitioner's notice of appeal to the BIA asserted that the "Immigration Judge erred in disregarding that [Petitioner] entered the United States as a refugee." That statement "was sufficient to put the BIA on notice . . . and the agency had an opportunity to pass on this issue." *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) (per curiam).

[2] Petitioner's failure to elaborate on the argument in his brief to the BIA is immaterial to our jurisdiction. *See Ladha v. INS*, 215 F.3d 889, 903 (9th Cir. 2000) (holding that the petitioners exhausted claim by raising it in their notice of appeal, even though it was not discussed in the briefs before the BIA). In short, Petitioner "raised the issue . . . before the BIA, and our precedent requires nothing more." *Zhang*, 388 F.3d at 721; *cf. Barron v. Ashcroft*, 358 F.3d 674, 676 (9th Cir. 2004) (holding exhaustion requirement not met where appeal "nowhere mention[ed]" petitioner's newly raised due process challenge).

B.   *Removability of Refugee*

[3] Turning to the merits, we note that we are not the first circuit to have addressed this issue. In *Smriko v. Ashcroft*, 387 F.3d 279 (3d Cir. 2004), the Third Circuit faced a similar circumstance. The court remanded the case to the BIA in part so that it could decide whether an alien loses refugee status when the refugee becomes a lawful permanent resident. *Id.* at 297. The BIA, in a published opinion, held that regardless of whether a refugee loses refugee status upon adjusting status to lawful permanent resident—a question that the BIA concluded that it need not reach—the refugee may be removed. *In re Smriko*, 23 I. & N. Dec. 836, 842 (B.I.A. 2005). The Third Circuit recently upheld that interpretation, affording *Chevron* deference to the BIA's precedential decision.

*Romanishyn v. Att'y Gen'l of U.S.*, 455 F.3d 175, 185 (3d Cir. 2006).

[4] We begin, as always, with the text of the statute in question. *Chevron*, 467 U.S. at 842. The relevant passages plainly provide for the possibility that a person classified as a "refugee" may be removed. The general removal provision states that "[*a*]*ny* alien" may be removed. 8 U.S.C. § 1227(a) (emphasis added); *see also id.* § 1182(a)(6)(E)(i) (alien smuggling provision applies to "[*a*]*ny* alien" (emphasis added)). Petitioner does not contend that he is not an "alien." *See* 8 U.S.C. § 1101(a)(3) ("The term 'alien' means any person not a citizen or national of the United States."). Furthermore, Petitioner is unable to point to any provision of the statute that unambiguously bars removal of refugees.

[5] Even if the statute were ambiguous because of the benefits afforded those who arrive as refugees, we would have to reach the same conclusion. Under *Chevron*, we must defer to an agency's reasonable, published interpretation of an ambiguous provision within its area of expertise. *See United States v. Mead Corp.*, 533 U.S. 218, 230 (2001) (stating that *Chevron* deference applies to formal adjudications of agencies). Deference is especially appropriate in the context of immigration law, where national uniformity is paramount. *See Ferreira v. Ashcroft*, 382 F.3d 1045, 1050 (9th Cir. 2004) (noting that the need for national uniformity is "paramount" in the immigration context).

[6] The BIA's interpretation of the statutory scheme as a whole is reasonable in view of the statutory text allowing removal of *any* alien. 8 U.S.C. § 1227(a). The BIA's interpretation also is reasonable in view of the policy considerations it examined. Refugee status may be terminated only "if the Attorney General determines that the alien was not in fact a refugee . . . at the time of the alien's admission." 8 U.S.C. § 1157(c)(4). The BIA observed that it is difficult to imagine that Congress intended validly admitted refugees to be

19372          KAGANOVICH v. GONZALES

shielded *permanently* from removal, regardless of the person's acts in the United States. *In re Smriko*, 23 I. & N. Dec. at 841.

[7] In conclusion, whether under our reading of the plain text of the statute or in deferring to the BIA's interpretation in *In re Smriko*, the outcome is the same. We join the Third Circuit in concluding that an alien who arrives in the United States as a refugee may be removed even if refugee status has never been terminated pursuant to 8 U.S.C. § 1157(c)(4).

PETITION DENIED.

14

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 12 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VITALIY SEMENOVICH KAGANOVICH, | No. 04-70625 |
| Petitioner, | Agency No. A71-243-964 |
| v. | MEMORANDUM* |
| ALBERTO R. GONZALES, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 17, 2006
Pasadena, California

Before:     CUDAHY,** GRABER, and IKUTA, Circuit Judges.

Petitioner Vitaliy Semenovich Kaganovich petitions for review of the Board

of Immigration Appeals' ("BIA") order of removal and denial of asylum.

---

*      This disposition is not appropriate for publication and may not be
cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

**      The Honorable Richard D. Cudahy, Senior United States Circuit
Judge for the Seventh Circuit, sitting by designation.




Petitioner also alleges that the immigration judge's ("IJ") conduct amounted to a violation of due process. We deny the petition.

1.    The IJ did not err in ordering Petitioner removed pursuant to 8 U.S.C. § 1182(a)(6)(E)(i) for alien smuggling.[1] Petitioner was stopped at the Mexico-United States border as he was driving back into the United States. His passenger presented false documentation.

The IJ's determination that Petitioner knew that the passenger in his car had false documentation was supported by substantial evidence. See Bhasin v. Gonzales, 423 F.3d 977, 983 (9th Cir. 2005) (stating that factual findings by the IJ are reviewed for substantial evidence). One month earlier, Petitioner had been released after he was stopped at the same border with passengers carrying false documentation. Additionally, Petitioner's stated purpose for visiting Mexico was to purchase alcohol and cigarettes, yet none were found in his car by the border patrol. At his hearing, Petitioner brazenly explained that his cigarettes and alcohol, along with one of his bank cards, had been stolen by the border patrol. The IJ permissibly disbelieved Petitioner's explanations; we cannot conclude that

---

[1]    In a published opinion filed this date, we reject Petitioner's argument that he cannot be removed because he entered the country as a refugee.

2



"the evidence compels a contrary conclusion." <u>Singh v. Gonzales</u>, 439 F.3d 1100,
1105 (9th Cir. 2006).

We also conclude, on de novo review, that the IJ properly rejected
Petitioner's argument that his actions did not constitute alien smuggling as defined
in 8 U.S.C. § 1182(a)(6)(E)(i).[2] <u>See Bhasin</u>, 423 F.3d at 983 (stating that legal
questions are reviewed de novo). Petitioner provided the vehicle and attempted to
drive across the border with an illegal alien passenger. Thus, Petitioner "provided
some form of affirmative assistance to the illegally entering alien." <u>Altamirano v.
Gonzales</u>, 427 F.3d 586, 592 (9th Cir. 2005).

2.     The IJ did not err in rejecting Petitioner's application for asylum,
because the IJ's adverse credibility determination is supported by substantial
evidence. <u>See Singh</u>, 439 F.3d at 1105 (stating that adverse credibility
determinations are reviewed for substantial evidence). In particular, the IJ noted
that Petitioner's testimony included dramatic events, such as being shot in the leg
and stabbed, that were omitted from his application. <u>See Alvarez-Santos v. INS</u>,
332 F.3d 1245, 1254 (9th Cir. 2003) (holding that omission of a "dramatic, pivotal
event" from the petitioner's application is a valid basis for an adverse credibility

---

[2]      "Any alien who at any time knowingly has encouraged, induced,
assisted, abetted, or aided any other alien to enter or to try to enter the United
States in violation of law is inadmissible." 8 U.S.C. § 1182(a)(6)(E)(i).

*14*

determination). Additionally, Petitioner's testimony contradicted a letter submitted from his mother regarding the persecution she experienced. See Wang v. INS, 352 F.3d 1250, 1258 (9th Cir. 2003) (observing that "palpable inconsistencies in a petitioner's testimonial and documentary evidence [can] directly undermine" a petitioner's credibility). These inconsistencies "'strike at the heart of the claim' for asylum" and are therefore valid bases for an adverse credibility determination. Singh, 439 F.3d at 1105 (quoting Li v. Ashcroft, 378 F.3d 959, 964 (9th Cir. 2004)).

3.    Finally, Petitioner argues that the manner in which the IJ conducted the hearings deprived him of due process. See Zolotukhin v. Gonzales, 417 F.3d 1073, 1075 (9th Cir. 2005) (noting that the Fifth Amendment guarantees due process for hearing an alien's claims). We are not persuaded. The IJ's occasional impatience and frustration did not rise to the level of a due process violation.

PETITION DENIED.

4

U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

Stender, Christopher J.
1010 Second Ave., Ste. 2300
San Diego, CA 92101-4999

Office of the District Counsel/SND
880 Front St., Room 1234
San Diego, CA 92101-8834

Name: KAGANOVICH, VITALIY SEMENOVICH          A71-243-964

Date of this notice: 7/20/2007

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*Donna Carr*

Donna Carr
Chief Clerk

Enclosure

Panel Members:
    Schoppert, Douglas B.

*19*

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:  A71 243 964 - San Diego, CA          Date:          JUL 2 0 2007

In re: VITALIY SEMENOVICH KAGANOVICH

IN REMOVAL PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT: Christopher J. Stender, Esquire

ON BEHALF OF DHS: Office of the Chief Counsel[1]

ORDER:

    PER CURIAM.  The final order in this proceeding was entered by the Board on January 15, 2004.  The motion was filed late by the respondent, who is from Ukraine, on March 23, 2007. *See* 8 C.F.R. § 1003.2(c)(2). The Department of Homeland Security (the "DHS") opposes the pending motion, which will be denied.

    The time limitation for motions to reopen does not apply to a motion to reopen proceedings to apply or reapply for asylum or withholding of removal, based on changed country circumstances, if such evidence is material and was not available and could not have been discovered or presented at the former hearing.  8 C.F.R. § 1003.2(c)(3)(ii); *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004); *Matter of J-J-*, 21 I&N Dec. 976 (BIA 1997).  The motion must state the new facts to be proved and must be supported by evidentiary material. *Matter of J-J-*, *supra*.  The alien must show a "reasonable likelihood of success on the merits so as to make it worthwhile to develop the issues further at a full evidentiary hearing." *Matter of A-N- & R-M-N-*, 22 I&N Dec. 953 (BIA 1999).

    The respondent argues that conditions have worsened in Ukraine for Jews.  The respondent argued before the Immigration Judge that he feared persecution in Ukraine on account of his Jewish religion and ethnicity (I.J. at 10).  Yet the Immigration Judge, as affirmed by the Board, rejected the respondent's claims as not being credible.  The Immigration Judge's adverse credibility finding was far-reaching and was sustained by both the Board and the Ninth Circuit Court of Appeals. *Kaganovich v. Gonzales*, 211 Fed.Appx. 643 (9th Cir. Dec. 12, 2006) (unpublished).[2]  The Immigration Judge found that the respondent's testimony contained "numerous inconsistencies", implausibilities, and contradictions (I.J. at 10-12).  Indeed, the Immigration Judge questioned whether any information in the respondent's asylum application was truthful (I.J. at 11).  The

---

[1] The representative of the DHS is requested to provide a legible signature in future filings before the Board.

[2] The Ninth Circuit also issued a published decision concerning the respondent on the same day. *Kaganovich v. Gonzales*, 470 F.3d 894 (9th Cir. 2006)(deciding that the respondent could be removed, even if his refugee status was never terminated).



A71 243 964

Immigration Judge also noted that the respondent had failed to provide any corroboration regarding his religious activities (I.J. at 12). Given these findings below, the respondent's presentation of background evidence alone is insufficient to warrant reopening.

In addition, the background evidence presented by the respondent itself fails to establish changed country conditions warranting reopening. The Department of State International Religious Freedom report submitted by the respondent, although noting some anti-Semitic incidents in Ukraine, indicates that "there was no change in the status of respect for religious freedom" during the period covered by the report. *See Ukraine - International Religious Freedom Report 2006* (Department of State, Bureau of Democracy, Human Rights, and Labor, September 15, 2006)(Respondent's Exh. C), at p. 1. This report also notes that "the 1996 constitution and the 1991 law on freedom of conscience provide for freedom of religion. The Government generally sought at all levels to protect this right and did not tolerate its abuse, either by governmental or private actors." *Id.* at 2. The State Department also found in its report *Ukraine - Country Reports on Human Rights Practices - 2006* (Department of State, Bureau of Democracy, Human Rights, and Labor, March 6, 2007)(Respondent's Exh. B), at p. 12, that, while anti-Semitism exists in Ukraine, "the generally amicable relationship among religions in society contributed to religious freedom." Even the article, "Chronicle of Antisemitism in Ukraine and Russia: 2005-2006" by the Union of Councils for Jews in the Former Soviet Union (Respondent's Exh. A), which is more pessimistic in tone, does not indicate a significant change in country conditions in this regard. Given the high standard for reopening of final Board decisions, the evidence is insufficient to warrant the reopening of the respondent's case. The pending motion is, therefore, denied.

FOR THE BOARD

2

 

| U.S. Department of Homeland Security | Subject ID : 234852029 | | **Record of Deportable/Inadmissible Alien** |

| Family Name (CAPS) | | First | Middle |
|---|---|---|---|
| Kaganovich, Vitaliy | | | |

| Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|
| M | BRO | BLU | MED |

| Country of Citizenship | Passport Number and Country of Issue | File Number |
|---|---|---|
| UKRAINE | | Case No:SND0702000283  A071243964 |

| Height | Weight | Occupation |
|---|---|---|
| 66 | 200 | limo driver |

U.S. Address  IN DHS CUSTODY  SAN DIEGO, CALIFORNIA, 92101,

Scars and Marks

| Date, Place, Time, and Manner of Last Entry | Passenger Boarded at |
|---|---|
| 02/24/2001, Unknown Time, SYS, PWA (APOOT) | |

| F.B.I. Number | ☐ Single |
|---|---|
| 243930RB7 | ☐ Divorced ☒ Married  ☐ Widower ☐ Separated |

Number, Street, City, Province (State) and Country of Permanent Residence

Method of Location/Apprehension
O UNKNOWN

| Date of Birth | | Date of Action | Location Code |
|---|---|---|---|
| 08/17/1970   Age: 36 | | 02/08/2007 | SND/SND |

| At/Near | Date/Hour |
|---|---|
| San Diego, CA | 02/08/2006 2200 |

| City, Province (State) and Country of Birth | | | |
|---|---|---|---|
| See Narrative | AR ☒ | Form (Type and No.) Lifted ☐ Not Lifted ☐ | |

By  PAUL GROSS JR

| NIV Issuing Post and NIV Number | Social Security Account Name |
|---|---|
| | |

| Status at Entry | Status When Found |
|---|---|
| PWA Mexico | |

| Date Visa Issued | Social Security Number |
|---|---|
| | 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 |

Length of Time Illegally in U.S.

| Immigration Record | Criminal Record |
|---|---|
| POSITIVE - See Narrative | None Known |

| Name, Address, and Nationality of Spouse (Maiden Name, if Appropriate) |
|---|
| Nationality:UNITED STATES, KOFMAN, Florentina |

Number and Nationality of Minor Children
2-USC

| Father's Name, Nationality, and Address, if Known |
|---|
| Nationality:UKRAINE KAGANOVICH, Semen |

Mother's Present and Maiden Names, Nationality, and Address, if Known
Nationality:UNITED STATES SHIK, Aleksandra

| Monies Due/Property in U.S. Not in Immediate Possession | Fingerprinted? ☒ Yes ☐ No | Systems Checks | Charge Code Words(s) |
|---|---|---|---|
| None Claimed | | | |

| Name and Address of (Last)(Current) U.S. Employer | Type of Employment | Salary | Employed from/to |
|---|---|---|---|
| | | Hr | |

Narrative (Outline particulars under which alien was located/apprehended. Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior.)

FINS: 8440767                    Left Index fingerprint            Right Index fingerprint

BIRTH PLACE
---------
ZHITOMIR, OTHER - FOR COUNTRIES OTHER THAN US, UKRAINE

Record of Deportable/Excludable Alien:
Subject Vitaliy Kaganovich was arrested pursuant to a final order of removal.
...(CONTINUED ON I-831)

JESUS ROBLES JR
DEPORTATION OFFICER
(Signature and Title of Immigration Officer)

| Alien has been advised of communication privileges _____ (Date/Initials) | |
|---|---|
| Distribution | Received. (Subject and Documents)  (Report of Interview) |
| | Officer: JESUS ROBLES JR |
| | on February 8, 2007 _____ (time) |
| | Disposition Warrant of Arrest/Notice to Appear |
| | Examining Officer: MARIO ORTIZ |

Form I-213 (Rev. 08/01/07)

*22*

 

U.S. Department of Homeland Security                    Continuation Page for Form __I213__

| Alien's Name | File Number | Date |
|---|---|---|
| Kaganovich, Vitaliy | A071243964<br>Event No: SND0702000283 | 02/08/2007 |

He was ordered deported on July 30, 2002.  HIs appeal was dismissed on January 15, 2004.
His Petition for Review was denied on December 12, 2006.
Subject will be transported to ODF for housing until travel documents are secured.

Addendum created by Immigration Enforcement Agent Randy Callahan on October 22, 2007. _RAC_

Subject was released to the ICE San Diego Field Office Criminal Alien Program on this date.
Records checks reflect that Subject was turned over to the San Diego Sheriff on or about
October 15, 2007 pursuant to a warrant.

Subject has been ordered removed from the United States and is awaiting travel documents
back to his home country of Ukraine. Subject will be sent to ODF pending POCR.

| Signature | Title |
|---|---|
| JESUS ROBLES JR | DEPORTATION OFFICER |

Form I-831 Continuation Page (Rev. 08/01/07)

23

**Stender & Pope, PC**
1010 Second Avenue
Suite 2300
San Diego, CA 92101
619-238-8080 voice
619-238-9080 facsimile

DEPARTMENT
OF HOMELAND SECURITY
U.S. IMMIGRATION
AND CUSTOMS ENFORCEMENT

2007 MAR 26 P 3: 42

OFFICE OF CHIEF COUNSEL
SAN DIEGO, CA.



DHS
Chief Counsel

*4-05*

## UNITED STATES DEPARTMENT OF ~~JUSTICE~~
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
### Board of Immigration Appeals
### Falls Church, Virginia

File No.
A71 243 964

---

### IN THE MATTER OF:

### Vitaliy Semenovich KAGANOVICH

*Respondent*

---

## MOTION TO REOPEN, REMAND, AND
## REQUEST FOR STAY OF REMOVAL

---

March 21st, 2007

*24*



of Detention and Removal Operations
*San Diego Field Office*
**U.S. Department of Homeland Security**
830 Front Street
San Diego, California 92101

## U.S. Immigration and Customs Enforcement

KAGANOVICH, Vitaliy Semenovich                              A71 243 964
C/O Corrections Corporation of America
Otay Detention Facility
446 Alta Road, Suite #5400
San Diego, California 92158

### Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to ICE's reviewing officials.

An Immigration Judge ordered you removed from the United States to the Ukraine, and the Board of Immigration Appeals subsequently upheld that decision. ICE has documents indicating that you are a citizen and national of the Ukraine, and is in position to effect your removal pending the issuance of a travel document. Continued requests are being made to the Consulate of the Ukraine, as well as to ICE Headquarters in an effort to obtain a travel document.

Based on the likelihood of ICE effecting your removal from the United States, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to effect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

If you have not been released or removed from the United States by January 16, 2008, jurisdiction of the custody decision in your case will be transferred to the Headquarters Post Order Unit (HQPDU), 801 I St. NW, Washington, DC 20536. HQPDU will make a final determination regarding your custody.

_____                    12/29/0-7
Signature and Title of Deciding Official             Date

**25**

Decision of Post Order Custody Review – Detain
KAGANOVICH, Vitaliy Semenovich
Page 2                                                              A71 243 964

## PROOF OF SERVICE

**(1)    Personal Service (Officer to complete both (a) and (b) below.)**

(a)    I    _John Thomas_ , _IEA_ ,

certify that I served _KAGANOVICH, Vitaliy_ with a copy of

                     Name of ICE Officer                   Title

                        Name of detainee

this document at _CCA / OOI_ on _11/1/07_ , at _0745_ .

             Institution                Date            Time

(b)    I certify that I served the custodian _____

                                     Name of Official

_____ , at _____ , on

       Title                               Institution

_____ with a copy of this document.

       Date

## OR

**(2)    Service by certified mail, return receipt.  (Attach copy of receipt)**

I _____ , _____ , certify

               Name of ICE Officer                   Title

that I served _____ and the custodian _____

             Name of detainee                          Name of Official

with a copy of this document by certified mail at _____ on _____ .

                                    Institution                  Date

( ) cc: Attorney of Record or Designated Representative
( ) cc: A-File

*26*

# ICE Staff Routing Sheet

| TO:<br>Robert M. Culley, Deputy Field Office Director,<br>San Diego Field Office | THRU:<br>Official Channels | SUSPENSE DATE: |
|---|---|---|
| **KAGANOVICH, Vitaliy Semenovich      A71 243 964** | | |

EXECUTIVE SUMMARY:

1. <u>Purpose</u>.

2. <u>Discussion</u>.

<u>Recommendation</u>.   **Continued Detention Following Post Order Custody Review**

| CONCURRENCES | | | | |
|---|---|---|---|---|
| **NAME** | **OFFICE** | **SIGNATURE** | **DATE** | **COMMENTS** |
| Kent D. Haroldsen | SDDO/ODF | | 10.26.07 | DETAIN |
| Eddie C. Johnson | SDDO/ODF | | 10.26.07 | Concur |
| John A. Garzon | AFOD/ODF | | 11/26/07 | CONT. TO DET. |
| Robert M. Culley | DFOD/SND | | 10/31/07 | Concur |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| ACTION OFFICER/OFFICE/EXTENSION: John Thomas 710-8370 | DATE: 10/25/2007 |
|---|---|



27

# POST ORDER CUSTODY REVIEW WORKSHEET

**Detainee Name:**     KAGANOVICH, Vitaliv Semenovich

**AKA(s):**

**Date of Birth:**     08/17/1970          **A Number:**     71 243 964

**Place of Birth:**     Ukraine          **Nationality:**     Ukraine

**Date of Last Arrival:** 02/24/2001          **Place of Arrival:** San Ysidro, California

**Status at Last Entry:** Refugee          **Last Date into ICE Custody:** 02/09/2007

**Entered ICE Custody from:**     ☐ **Local, State, or Federal Institution**
                                        **Institution Name/Location:**
                                        **BOP/ Institution Numbers:**

                                        ☒ **Other:  Customs and Border Protection**

**(A) Deportation Case Officer:** John Thomas          **Review Date:** 10/24/2007
       **Contact Phone #:**     619-710-8370

**ICE Location Detained and DCO:**

## Deportation/Exclusion/Removal Proceedings

**List all Charges:**     ☐     Section 237 (a)
                          ☒     Section 212 (a)(6)(E)(i)
                          ☐     Section 241 (a)

☒ Under <u>Final Order</u> dated: <u>07/20/2007</u> by ☐ IJ ☒ BIA ☐ Other:

☐ Appeal Waived/Appeal Time Elapsed

Habeas filed: ☐ Yes/ Date & Location filed ☒ No

Stay Issued in Case: ☒ No ☐ Yes/Why and Who Issued

## Legal Representative / Attorney

**G-28 Filed:**     ☒ Yes     ☐ No

**Notification of Review Made:** ☒ No     ☐ Yes  **By:**

**Name of Representative / Attorney:** Stender, Christopher J.

**Mailing Address: Telephone Number:**     1010 Second Ave.,Ste. 2300
                                           San Diego, CA. 92101-4999

**Present during interview:**     ☐ Yes ☒ No
(Rev. 1/19/05)                    Page 1

*26*

**Immigration History:** (Prior ICE arrest[s]/parole/bond/custody information/adjustment/benefits granted (TPS, DED, withholding, etc.)

KAGANOVICH originally entered the United States on April 5, 1994 at New York, New York as a refugee. On May 9, 1995, KAGANOVICH adjusted status to that of a Legal Permanent Resident retroactive to his date of entry. On February 24, 2001, KAGANOVICH was arrested at the San Ysidro Port of Entry for attempted alien smuggling.

On February 4, 2001, the Immigration and Naturalization Service (INS) served KAGANOVICH with a Notice to Appear (NTA) charging him as inadmissible to the United States under Section 212(a)(6)(E)(i) of the Immigration and Nationality Act (INA). On July 30, 2002, an Immigration Judge ordered KAGANOVICH removed from the United States to the Ukraine. KAGANOVICH reserved and subsequently filed an appeal with the Board of Immigration Appeals (BIA). On July 20, 2007, this appeal was dismissed.

**NCIC Checks:**          ☐ Criminal History          ☒ No Record Found
                              (State and Federal)

**Criminal History:** (list convictions, sentence, date, court, and include a summary of other NCIC arrests, failures to appear, etc.)
(DO NOT FORWARD A COPY OF THE NCIC PRINTOUT TO HQCDU)

29

## Institutional / Disciplinary Record

**Did the detainee have prior Disciplinary Reports?**          ☐ Yes     ☒ No

    If Yes, List & Describe:

    Source:

**Disciplinary reports and incidents while in ICE Custody?**     ☐ Yes     ☒ No

    If Yes, List & Describe:

    Source:

## Specifics of Review

**Date of File Review:** 10/24/2007

**Date of Detainee Interview:** (optional)

**Location of Interview:**

**Reviewing/Interviewing Officer:** #1: John Thomas

                    #2:

**Interpreter Used:** (If subject was interviewed)     ☐ Yes     ☐ No
**Name:**
**Language/Dialect:**

**Discussion at interview/review:**

No interview conducted, only file review.

*30*

**Travel Document Status/History:**

List aliens attempts to get travel documents and status (to include any actions alien has taken to *prevent* removal, and date of service of I-229(a) and Instruction Sheet to Detainee):

February 22, 2007, KAGANOVICH was served with an I-229(a) and instructions.

List ICE's attempts to obtain a travel document and status:

On February 22, 2007, the Removal Unit mailed a travel document request to the Ukraine Consulate General in Washington D.C.

On March 26, 2007, voice message was left with the Ukraine Consulate and an assistance request was sent to HQTDU.

March 30, 2007, another follow-up inquiry was left with Ukraine.

On July 31, 2007, a follow-up inquiry was left with the Ukraine Consulate via email with a carbon copy to HQTDU Officer Koransky.

On August 24, 2007, a follow-up inquiry was left with the Ukraine Consulate by voicemail and an email inquiry was sent to HQTDU Officer Koransky.

On August 31, 2007, a follow-up voicemail inquiry was left with the Ukraine Consulate and HQTDU Officer Mikhalov.

31

**Does the detainee have a place to live in the United States?** ☐ Yes ☒ No
    Describe: No Information provided

**Is the detainee subject to any parole or probation requirements?** ☐ Yes ☒ No
    Describe: No Information provided

**Does the detainee have close family ties within the United States?** ☐ Yes ☒ No
    Describe: No Information provided

**Does the detainee have community ties or non-governmental sponsors?** ☐ Yes ☒ No
    Describe: No Information provided

**Does the detainee have any employment prospects?** ☐ Yes ☒ No
    Describe: No Information provided

**What is the detainee's employment history?**
    Describe: No Information provided

**What is the detainee's educational level?**
    Describe: No Information provided

**Does the detainee have any vocational training?** ☐ Yes ☒ No
    Describe: No Information provided

**Has the detainee submitted any evidence of rehabilitation, courses while in prison, etc?**
    Describe: No Information provided

## Medical/Psychological Concerns

**Does the detainee have any medical or psychological issues:** ☐ Yes ☒ No

**Description (to include Date and Source):**

Other documentary evidence for consideration in this review (include any documentation submitted by detainee):

## Special Circumstances Concerns

**Does the detainee appear to meet any of the criteria of 8 CFR 241.14 for continued detention?**

☒ **No**        ☐ **Yes (indicate below):**

☐ Aliens with a Highly Contagious Disease that is a Threat to Public Safety [8 CFR § 241.14(b)].

☐ Aliens Detained on Account of Serious Adverse Foreign Policy Consequences of Release [8 CFR § 241.14(c)].

☐ Aliens Detained on Account of Security or Terrorism Concerns [8 CFR § 241.14(d)].

☐ Detention of Aliens Determined to be Specially Dangerous [8 CFR § 241.14(f)]. Aliens who pose a threat to the public because they have committed a crime of violence, have a mental disorder and behavior associated with the disorder, and are likely to be violent in the future.

**All cases that may possibly meet any of these provisions must be coordinated with HQCDU per existing guidance.**

# Officer Comments/Analysis & Recommendation

KAGANOVICH is a 37-year-old male native and citizen of the Ukraine who originally entered the United States on April 5, 1994 at New York, New York as a refugee. On May 9, 1995, KAGANOVICH adjusted status to that of a Legal Permanent Resident retroactive to his date of entry. On February 4, 2001, the Immigration and Naturalization Service (INS) served KAGANOVICH with a Notice to Appear (NTA) charging him as inadmissible to the United States under Section 212(a)(6)(E)(i) of the Immigration and Nationality Act (INA). On July 30, 2002, an Immigration Judge ordered KAGANOVICH removed from the United States to the Ukraine. KAGANOVICH reserved and subsequently filed an appeal with the Board of Immigration Appeals (BIA). On July 20, 2007, this appeal was denied.

KAGANOVICH has no criminal history, only an arrest at the San Ysidro, California Port of Entry for attempted alien smuggling in 2001. It appears that despite all attempts to procure a travel document, neither the Ukraine Consulate General nor HQTDU have any record of receiving a travel document request. The A-file contains email requests that were sent to HQTDU as well as DHL labels addressed to HQTDU and the Consul General. ICE possesses a copy of a Ukrainian birth certificate belonging to KAGANOVICH and has submitted this document along with completed passport applications to the Consul General of the Ukraine and to HQTDU.

Because this case does not appear to have been processed by the Ukraine Consulate or HQTDU, it is recommended that further attempts be made to obtain a travel document for KAGANOVICH. Based on the possibility of ICE effecting KAGANOVICH's removal to the Ukraine in the foreseeable future, it is recommended that he remain in custody at this time.

| | |
|---|---|
| Reviewing Officer #1<br>Name/Title: Kent D. Haroldsen - SDDO | Date: 10.26.07<br>Signature: |
| Reviewing Officer #2<br>Name/Title: Eddie C. Johnson - SDDO | Date: 10.26.07<br>Signature: |
| Supervisory Reviewing Officer<br>Name/Title: John A. Garzon - AFOD | Date: 10/26/07<br>Signature: |

## DECIDING OFFICIAL'S CUSTODY DETERMINATION

☐ RELEASE FROM CUSTODY / ORDER OF SUPERVISION
☑ CONTINUE IN CUSTODY - RETAIN CUSTODY JURISDICTION
☐ CONTINUE IN CUSTODY - REFER TO HQCDU

Comments:

ICE Field Office:

Signature of Deputy Field Office Director: _____  Date: 10/29/07

Deciding Official Name:

34